Floore *v.* Steigelmayer *et al.*

---

No. 8041.

### FLOORE *v.* STEIGELMAYER ET AL.

PLEADING.—*Nominal Party.*—*Husband and Wife.*—In an action against a husband and wife, to enforce a lien against the wife's real estate, he is a nominal party, and defences pleaded by her are available for him.

---

Floore *v.* Steigelmayer *et al.*

---

SAME.—*Counter-Claim.—General Verdict.*—Where, in such case, the husband sets up separate defences, and the wife makes a counter-claim for damages, praying a cancellation or satisfaction of the plaintiff's lien, a general verdict for the defendants is sufficient.

VERDICT.—*Inconsistent Defences.*—A general verdict in favor of a defendant, who has pleaded inconsistent defences, is good.

JUDGMENT.—*Verdict.*—Objections to the form or substance of a verdict or judgment can not be made in this court, unless first properly presented to the circuit court.

CONFLICTING EVIDENCE.—*Preponderance.*—The Supreme Court will not undertake to determine the preponderance of conflicting evidence.

From the Clark Circuit Court.

*M. B. Williams* and *P. H. Jewett,* for appellant.
*C. L. Jewett,* for appellees.

WOODS, J.—The appellant sued the appellees, William and Louisa Steigelmayer, husband and wife, to foreclose a lien against certain real estate of the said Louisa, reserved in the deed for the land, made to her by the appellant. The appellees severed in their defences, said Louisa setting up a counter-claim for damages on account of alleged misrepresentations made by the appellant concerning the property so conveyed by him to her, and praying a cancellation of the lien, and for a judgment against the appellant for the excess of her damages over his claim ; and the said William answering, *first,* that the plaintiff was not the real party in interest in the action ; *second,* that the lien in the complaint mentioned was created and reserved without any consideration ; and, *third,* by a general denial. The plaintiff replied by a general denial, and by counter-claim, charging fraud against the said Louisa, in reference to the property by her conveyed to him in exchange for that by him conveyed to her. The jury returned a general verdict "for the defendants," upon which the court gave judgment that the plaintiff take nothing by his suit, and that the lien, by him reserved, be declared satisfied and annulled.

The appellant insists that the verdict is inconsistent and

repugnant, and did not warrant so much of the judgment as declared the lien satisfied. The appellant did not move for a *venire de novo*, and made no objection to the form or substance, either of the verdict or of the judgment rendered thereon. It is settled by numerous decisions that such objections can not be made in the first instance in this court. *Bayless* v. *Glenn*, 72 Ind. 5; *Teal* v. *Spangler*, 72 Ind. 380; *Douglass* v. *The State*, 72 Ind. 385.

The verdict, however, was a proper one, and warranted the judgment which was rendered. The defendant Louisa, who alone had a real interest in the defence, filed no plea, except her counter-claim, and the general finding in her favor, without assessing any damages, is equivalent to a finding that her counter-claim had been established in a sum equal to the claim of the plaintiff; and, upon that finding, she was entitled to the affirmative relief prayed, namely, that the lien be declared satisfied, but she was not entitled, as counsel have suggested, to a personal judgment over against the appellant, because the verdict does not state any sum due her, over and above the demand of the appellant, which she did not deny.

Without any plea on his behalf, the appellee William would have been entitled to a judgment in his favor upon a finding in favor of his co-defendant; but even if his answers had been necessary, and had all been good (as probably the third only is), the verdict would still have been good. As between him and the plaintiff, though all his answers could not have been true, because inconsistent with each other, the verdict would be interpreted as a finding that some one, at least, of the answers had been proven, and it would be immaterial to determine which, and the fact that the same verdict included a finding for the other defendant could not affect its validity. On the contrary, that fact is sufficient to indicate on what ground the verdict rested.

Counsel for the appellant urge us to consider the weight of conflicting evidence, and even to declare the testimony of two witnesses unworthy of belief. The rule on this subject, which forbids interference by us, need not be restated.

There was evidence tending to show an amount of damages under the counter-claim equal to the sum which the jury allowed. We can not, therefore, disturb the verdict on account of excessive damages.

The judgment of the circuit court is affirmed, with costs.