Earle v. Simons.

No. 9640.

EARLE v. SIMONS.

TAXES.—*Tax Title.—Personal Property.—Burden of Proof.—Statute Construed.*
—One who asserts title by virtue of a sale of lands for taxes is required,
under the revenue act of 1872, to prove that the owner of the land had
no personal property out of which the taxes might have been made.
Sections 222, 224, 254 and 255 do not relieve him of this burden.,

SAME.—*Statute of Limitations.*—The limitation of five years, fixed by sec-
tion 250, applies only to suits to recover possession, and not to those to
quiet title.

PRACTICE.—*Supreme Court.*—Where the judgment gives proper relief, and
in addition thereto other relief not proper, but no objection has been
made to the judgment and no motion to modify it, the Supreme Court
will not reverse.

From the Porter Circuit Court.

*J. Bradley* and *J. H. Bradley,* for appellant.

*H. A. Gillett,* for appellee.

ZOLLARS, J.—This action was commenced in the Lake
Circuit Court on the 9th day of May, 1878. The venue was
afterwards changed to the Porter Circuit Court. The com-
plaint by appellee, upon which the case was tried, consists of
two paragraphs. The first is in the ordinary form in actions
of ejectment. In it appellee asks a judgment for the recov-
ery of the possession of the undivided one-half of a section of
land in Lake county.

In the second appellee's title is set up in detail, and it is
averred that appellant had entered upon the land, and claimed
to hold and own the same by a title paramount to that of ap-
pellee. The prayer is that the title to the land be quieted in
appellee, and that he have judgment for the possession and
damages for the unlawful detention. The answer upon which
issue was joined consists of three paragraphs, each being to
the whole complaint. The first is a general denial. The
second sets up that appellant claims the said land under and
by virtue of a sale for delinquent taxes made by the treasurer
of Lake county, on the 10th day of February, 1873, and a

deed made thereunder by the auditor of the county on the 5th day of May, 1875, and that this action was not commenced within five years after the date of the sale. A copy of the tax deed is filed with this paragraph.

The third, which is somewhat in the form of a cross complaint, sets up the payment of a certain amount on the sale of the land for taxes in 1873, and the payment of subsequent taxes, and asks that the whole be declared a lien upon the land. The case was tried in June, 1881, and a judgment rendered quieting the title in appellee, that he have possession, and giving appellant a judgment for $194.81 for taxes by him paid. A motion for a new trial by appellant was overruled. He excepted, and prosecutes this appeal. The only question discussed by his counsel is the alleged error in overruling the motion for a new trial. There is no dispute about appellee's title and his right to recover, unless it has been extinguished by the sale of the land for taxes.

It appears from the evidence that the portion of the land in dispute has been owned in fee simple, as follows: From December, 1867, to April 8th, 1871, by Thomas Ewing; from April 8th, 1871, to the 13th day of February, 1872, by Andrew Peterson and Inguel Radstrom; from the 13th day of February, 1872, to the 2d day of May, 1874, by John H. Bonnell; from the 2d day of May, 1874, to the present time, by appellee.

On the 15th day of February, 1870, appellant received a deed from one A. T. Coquillard, for the other undivided one-half of the section, and upon that deed claimed to own the interest therein described. On the 25th day of November, 1871, he commenced an action in partition, against said Peterson and Radstrom, as the owners of the undivided one-half of the section of land now in dispute, claiming to own the other undivided one-half, and procured a temporary injunction against said Peterson and Radstrom, enjoining them from cutting and removing timber from the land. This injunction remained in force until the March term, 1872, of

the Lake Circuit Court.   During the pendency of this action, one Morrison was made a party, and disputed with the appellant the ownership of the undivided one-half claimed by him.   This litigation terminated in a decision by this court, in 1879, that Morrison was the owner of the one-half claimed by appellant.

Appellant claimed the interest in dispute between him and Morrison from 1870 until the decision of this court in 1879. In the fall of 1871, he built a shanty upon the land, and occupied it by tenants up to the time of the trial of this action, together with two or three acres around it, which have been enclosed by a fence.

Appellant never claimed any title to the undivided one-half covered by the tax deed, being that portion in dispute in this action, until after the tax deed was delivered to him in May, 1875.   Before the temporary injunction was ordered, Peterson and Radstrom cut some wood on the land.   Bonnell and Morrison also cut wood on the land.

In 1877, appellee and said Morrison commenced cutting timber on the whole section, except a small portion, made improvements, built fences, and cleared about three hundred acres.   There is evidence on the part of appellee, that Peterson owned personal property in 1871 and 1872, situate in the county, to the amount of $500.   Radstrom and Bonnell, also, had personal property exceeding in value the amount of taxes.   There is no evidence as to whether or not Ewing lived, or had personal property, in the county.

In 1877, Morrison tendered appellant $125 for taxes paid, but did not inform him that it was tendered in behalf of appellee.   At that time, also, a notice was served upon appellant by Morrison, not to make any improvements upon the land.   There is nothing to show whether or not this notice was from appellee or Morrison.   The only evidence in support of the tax title is the certificate and deed by the county treasurer and auditor, which certificate was introduced in evidence over the objection of appellee.   The certificate re-

cites, that legal notice having been given for four successive weeks, the treasurer of the county, on the 10th day of February, 1873, sold to appellant, for the sum of $70.58, the land in controversy, said sum being the amount of taxes, penalty, interest, and costs, due on the land for the years 1871 and 1872, being assessed and duly entered for taxation, in the name of John H. Bonnell, and that at the end of two years appellant would be entitled to a deed for the interest in said land so sold.

The deed recites that on the 5th day of May, 1875, appellant presented to the auditor said certificate, from which it appears that appellant purchased the land and other tracts at a tax sale on the 10th day of February, 1873, returned delinquent in the name of John H. Bonnell, John G. Earle, Anton Hoffman and one Reed, for the non-payment of taxes, etc., for the years 1871 and 1872, and paid therefor $113.20, which said lands had been recorded in the auditor's office as delinquent for the non-payment of taxes, etc.; and that legal publication was made of the sale of said lands on the 10th day of February, 1873. There is this further statement: "And it appearing from the records of said county auditor's office that the aforesaid lands were legally liable for taxation, and had been duly assessed and properly charged on the duplicate with the taxes for the years 1871 and 1872," etc.

Appellant asks a reversal of the judgment upon two grounds, and the argument of his counsel is confined to these.

It is claimed first, that appellant is the owner of the land by virtue of a sale and purchase for delinquent taxes, and that the certificate and deed are sufficient evidence of the sale, and the regularity and validity of the proceedings leading thereto. This claim is based upon sections 222, 224, 254 and 255 of the revenue act of December, 1872, 1 R. S. 1876, p. 122, *et seq.*, and it is maintained that the burden is upon appellee to show that the law was not in all things complied with.

Appellee claims that the evidence of the sale and prior

proceedings is not sufficient to establish a title in appellant, for the reasons, among others, that there is no legal evidence that the land was ever assessed or sold for taxes; that there is no evidence to show that the owner of the land in 1871 and 1872 had not personal property in the county at the time of the sale, out of which the taxes might have been made; that on the contrary, it is shown that the parties to whom the land .was assessed had such personal property, and that appellant, claiming to own the undivided one-half of the land under the deed to him from Coquillard, was a tenant in common with the owner of the undivided one-half now in litigation, and as such tenant in common could not acquire title to that interest by purchase at tax sale. Section 222 provides that upon the production of the certificate, the auditor shall execute to the owner of it a deed, which shall vest in the grantee an absolute estate in fee simple, etc. This section means nothing more than that such a title shall vest by such deed, provided all of the requirements of the law have been complied with by the officers charged with the duty of assessing and collecting taxes. *Steeple* v. *Downing*, 60 Ind. 478.

Sections 254 and 255 are as follows:

" Sec. 254. No general or special tax authorized by the laws of this State, and which shall be assessed upon any property in any county, township, city or town. within this State, shall be held to be illegal or invalid for want of any matter of form in any proceeding not affecting the merits of the case, and which shall not prejudice the rights of the party assessed; nor shall any sale of property for the non-payment of taxes thereon be invalid, unless it shall be made to appear that the legal taxes, costs and charges were tendered to the proper officers within the time limited by law for the payment of such taxes; or, in case of the sale of real estate, unless it shall be made to appear that all legal taxes assessed upon such real estate, together with all legal costs and charges thereon, were tendered to the officer authorized to receive such

redemption money, within the time limited by law for the re-
demption thereof, and all taxes assessed upon any property
in this State shall be presumed to be legally assessed un-
til the contrary is affirmatively shown; and no sale of real
estate for the non-payment of the taxes thereon shall be ren-
dered invalid by showing that any certificate, return, affidavit
or other paper required to be made and filed in any office, is
not found in any office where the same ought to be filed or
found; but, until the contrary is proven, the presumption shall
be, in all cases, that such certificate, return, affidavit or other
paper, was made and filed in the proper office.

"Sec. 255. In all suits and controversies involving the
title to land claimed and held by virtue of a deed executed
by the county auditor, for non-payment of the taxes there-
on, the person claiming adverse title to such deed shall
be required to prove, in order to defeat the title conveyed by
such deed, either that the land described therein was not sub-
ject to taxation at the date of the assessment of the tax for
which it was sold; or that the taxes, for the non-payment of
which such land was sold, were paid to the proper officer within
the time limited by law therefor; or that the same has not
been assessed for the taxes for the non-payment of which
it was sold; or that the same has been redeemed pursuant to
law; or that a certificate, in proper form, had been given by
the proper officer, within the time limited by law for paying
taxes, or redeeming from sales made for the non-payment
thereof, stating that no taxes were due, or that the lands were
not subject to redemption."

Under former tax laws it was held that a party claiming
under a tax title should show a substantial compliance with
every provision of the law by which the sale was brought
about; that every step, from the listing of the land for taxa-
tion to the consummation of the title by a deed to the pur-
chaser, was a separate and independent fact, the existence of
which was necessary to support the title, and that the burden
of establishing these facts was upon the party claiming title

under a tax sale. *Gavin* v. *Shuman*, 23 Ind. 32. The pro-
vision of the present law, above set out, doubtless limits the
proof to be adduced by the holder of the tax deed, but does
not, we think, relieve him entirely of the burden of proving
portions of the proceedings leading to the sale and deed.

These sections, taken together, seem to relieve the holder
of the tax deed of the necessity of proving that the proceed-
ings leading to the sale are regular in unsubstantial matters
of form; that the land was subject to taxation at the date of
the assessment; that the tax was not paid before the sale, or
during the time allowed for redemption; that the land was
legally assessed for the taxes for the non-payment of which it
was sold; and in case any certificate, return, affidavit, or other
paper required to be made and filed in any office, *is not found*
in such office where the same ought to be found, the presump-
tion is that they were so made and filed, and the holder of
the tax deed is not required to make proof that they were so
made and filed. In all of these particulars except the
payment of taxes, the burden seems to be upon the party
claiming adversely to the tax title, to establish the negative,
and to prove affirmatively, that the taxes were paid before
sale, or during the time allowed for redemption. Section 254
further provides that no sale of real estate shall be invalid,
unless it shall be made to appear that all legal taxes, etc., as-
sessed upon such real estate, were tendered to the officer au-
thorized to receive such redemption money, within the time
allowed by law for the redemption thereof. This can not
mean that such tender must be made to invalidate a sale of
real estate, although the owner may have had personal prop-
erty in the county at the time of the sale, out of which the
tax might have been made. The whole act must be construed
together. Other sections imperatively require that the per-
sonal property of the owner shall be exhausted before the
real estate shall be sold, and the uniform holding of this
court has been, as well as that of the courts of other States
having similar statutes, that a sale of the realty without ex-

hausting the personal property is void. And in all cases, in the absence of statutes to the contrary, the burden is upon him claiming title under a tax deed, to prove that the law has been complied with in thus first exhausting personal property, or that the owner of the realty had no personal property out of which the tax might have been made. The portion of section 254, therefore, which relates to the tender of the taxes, must be held to apply to cases where the owner had no personal property out of which the tax might have been made. It is contended that unless the party resisting the claim under the tax deed proves some one of the facts mentioned in section 255, the sale will be valid, although the holder of the tax title may have proven nothing in relation to personal property. This, we think, is not a proper construction of the section. The proof of any one of the facts therein mentioned would defeat the title under the tax deed, but it does not follow that, in the absence of such proof, the title is good without something more than the deed to support it. This is apparent from section 256, immediately following, which provides a remedy for the holder of the tax deed, in case the sale shall prove to be invalid and ineffectual to convey title, *for any other cause than such as are enumerated in the preceding section* (255). It will be observed that proof of a want of personal property is not dispensed with by any of the sections above referred to. Section 224 prescribes a form of deed, and provides that it shall be conclusive evidence of the truth of all facts therein recited, except that the taxes had been paid in the proper time, of which fact the deed is *prima facie* evidence.

The form contains no statement in relation to the ownership of personal property by the owner of the land; neither does the deed in the case in hearing. Section 224, and the form of deed prescribed therein, are almost, if not exactly, identical with section 168, and the form prescribed by it, under which the case of *Gavin* v. *Shuman,* 23 Ind. 32, was

decided. Neither the recitals in the deed in the case at bar, nor any of the sections of the act of 1872, dispense with proof, on the part of the holder of the tax deed, in relation to personal property, or impose upon the owner of the land the burden of proving his ownership of such personal property at the time of the sale. · It follows, therefore, that the burden is upon the holder of the tax deed, in order to support his title under it, to prove that at the time of the sale the owner of the land had no personal property out of which the taxes might have been made; and so this court has uniformly held under the tax law of 1872, and previous acts upon the subject. *Schrodt* v. *Deputy*, 88 Ind. 90; *Morrison* v. *Bank of Commerce*, 81 Ind. 335; *Langohr* v. *Smith*, 81 Ind. 495; *Sharpe* v. *Dillman*, 77 Ind. 280; *Smith* v. *Kyler*, 74 Ind. 575; *Ward* v. *Montgomery*, 57 Ind. 276; *Abbott* v. *Edgerton*, 53 Ind. 196; *Ellis* v. *Kenyon*, 25 Ind. 134.

In the case in hearing, there was no evidence showing, or tending to show, that at the time the land was sold the owner had no personal property out of which the tax might have been made, and hence the sale was void. As we have reached the conclusion that the sale was void for the reasons stated, it will not be necessary for us to notice the lack of evidence in other particulars.

Appellant asks that the judgment shall be reversed upon the further ground that this action was not commenced by appellee within five years after February 10th, 1873, when it is alleged the land was sold by the treasurer. It will be observed that the complaint asks for the possession of the land, and the quieting of the title thereto in appellee. This double relief was granted by the court below, and judgment rendered accordingly. No objection or exception was interposed to the form of the judgment below, nor was there any motion to modify it. The statute of limitation under section 250 was pleaded to the whole complaint, and counsel for appellant, in the court below, and in this court, seek to protect his

title under it against the whole case as made by appellee. If the action on the part of appellee and the judgment rendered were a case simply for the recovery of possession of the land, it would become necessary for us to examine in detail the questions discussed by counsel in connection with this branch of the case. Since this appeal has been pending, section 250 of the act of 1872, relied upon, has undergone an examination, and it has been held that it applies only to actions brought to recover the possession of land sold for taxes, and not to actions to quiet the title to lands so sold.

It will be sufficient, in the cause in hearing, to cite that case, without restating the grounds upon which the decision was based. *Farrar* v. *Clark*, 85 Ind. 449.

We do not decide that appellee was not entitled to all the relief given him by the judgment; nor as to whether or not, if the case had been one simply for the recovery of the possession of the land, he would have been barred by the limitation prescribed in section 250, *supra*. Under the decision last above cited, he was clearly entitled to have the title to the land quieted in him.

The well established rule is that if any part of the judgment is valid under the issues, the judgment will not be reversed in this court, although relief is given that would have been erroneous if the proper exception had been taken, or motion to modify had been made in the court below. *Rardin* v. *Walpole*, 38 Ind. 146; *Smith* v. *Dodds*, 35 Ind. 452; *Gavin* v. *Shuman, supra; Smith* v. *Kyler, supra; Floore* v. *Steigelmayer*, 76 Ind. 479.

As we find no available error in the record, the judgment is affirmed, at the costs of appellant.

Filed July 17, 1883. Petition for a rehearing overruled April 18, 1884.