Petitt v. Petitt et al.

No. 16,908.

PETITT v. PETITT ET AL.

JUDGMENT.—*Objection to Form of.—Question, How Saved.—Supreme Court Practice.*—An objection to the form of a judgment can not be considered by this court, unless the objection was made at the time the judgment was entered, and a motion was made or other appropriate steps taken to modify and correct it.

From the Fountain Circuit Court.

*J. A. Lindley* and *O. P. Lewis,* for appellant.

*C. M. McCabe, J. Bingham* and *L. P. Miller,* for appellees.

DAILEY, J.—This was an action instituted by the appellee Milton Petitt against the appellant, Nettie M. Petitt, for a divorce.

She appeared to the proceeding and filed her cross-complaint, making Marshall Petitt a co-defendant with said Milton Petitt, and specified therein certain causes for divorce; she also alleged that the appellees Milton Petitt and his son Marshall, in contemplation of a suit for divorce against appellant, entered into a fraudulent conspiracy to cheat her out of any judgment for alimony she might obtain, and pursuant to said conspiracy the father conveyed to the son all his farm lands without any consideration whatever, and suffered a false, fictitious, and fraudulent judgment to be taken against him by the son, upon a promissory note which was without any consideration whatever, except to cheat, hinder and delay the appellant in the collection of any judgment for alimony she might obtain in any proceedings for divorce he might institute against her.

Appellant prayed that the conveyances might be set aside as fraudulent against her, and that any judgment

for alimony she might obtain be decreed a prior and superior lien against the property described in said conveyances, and also against the said judgment. Each of the appellees filed a separate general denial. The cause was submitted to the court for trial. After hearing the evidence, it granted so much of the prayer of the cross-complaint as sought a divorce and alimony, but refused to set aside the conveyances and judgment and to decree them inferior to her judgment for alimony. It also made a finding in favor of the appellee, Marshall Petitt. Appellant then filed her motion for a new trial, which was overruled, to which she excepted, and judgment was duly rendered in favor of appellee, Marshall Petitt, for costs. From this judgment she prosecutes her appeal. The only error assigned is that the court erred in overruling appellant's motion for a new trial.

Four separate reasons are stated in the motion therefor. Of these appellees' counsel have discussed the first and second, and expressly waived the third and fourth. The reasons thus remaining for the consideration of the court are as follows:

"1st. The court erred in refusing to declare and decree to be fraudulent as against cross-complainant the judgment mentioned, referred to and alleged to be fraudulent as against her in the second paragraph of cross-complaint, to wit: The judgment rendered in favor of the defendant Marshall Petitt against the defendant Milton Petitt, as prayed for by said cross-complainant in her second paragraph of cross-complaint as aforesaid; and,

"2d. The court erred in refusing to declare and decree the judgment for alimony rendered in said cause in favor of the cross-complainant against the said Milton Petitt a prior and specific lien upon the property of said Milton Petitt as against the general lien of the defendant Marshall Peittt, against the said Milton Petitt, to wit: the

judgment mentioned and referred to in the second paragraph of cross-complaint as having been rendered in favor of the said defendant Marshall Petitt, against the said defendant Milton Petitt, as prayed for by said cros-complainant in her said second paragraph of cross-complaint.''

.The appellant's counsel summarize the first of the alleged reasons by saying it is ''that the court erred in refusing to grant the prayer of her cross-complaint.'' If this summary were strictly correct, it is not provided for by statute as a cause for a new trial. It does not possess the force of the sixth statutory ground, calling in question the correctness of the finding of the court upon the evidence.

The second specification, almost identical in character, is treated as if it performed the office of a motion to amend, modify, or correct the judgment. Neither of them controverts the correctness of the finding in appellee Marshall Petitt's favor, but says that notwithstanding the finding the court erred in refusing to render judgment in a certain manner and form. It is well settled that an objection to the form of the judgment can not be considered by this court unless the objection was made at the time the judgment was entered, and a motion was made, or other appropriate step taken, to modify and correct it. *Martin, Sr.,* v. *Martin,* 74 Ind. 207; *Smith* v. *Kyler,* 74 Ind. 575; *Floore* .v. *Steigelmayer,* 76 Ind. 479; *Brownlee, Admr.,* v. *Hare,* 64 Ind. 311; *Rosenzweig* v. *Frazer,* 82 Ind. 342; *Rodefer* v. *Fletcher,* 89 Ind. 563.

In the case at bar, the judgment was not rendered until after the motion for a new trial was disposed of, and no objection was raised in the court below as to its form. *Beeson* v. *Howard,* 44 Ind. 413.

The principles of law applicable to a record in this

condition are so firmly established by an unbroken line of decisions that we can not go beyond this point without attempting to decide matters not presented for our consideration.

As we find no available error in the record, the judgment is affirmed, at the cost of the appellant.

McCabe, J., took no part in this decision.

Filed Sept. 27, 1894.