Richard *et al. v.* Carrie.

---

RICHARD ET AL. *v.* CARRIE.

[No. 17,765.    Filed May 12, 1896.]

|     |     |
| --- | --- |
| 145 | 49  |
| 147 | 80  |
| 145 | 49  |
| 154 | 358 |
| 155 | 574 |
| 145 | 49  |
| 166 | 333 |

TAX TITLE.—*Regularity of Sale.*—*Evidence.*—*Burden of Proof Of.*— *Statute Construed.*—Under the provisions of section 6480, R. S. 1881, and also section 8624, Burns' R. S. 1894, a tax deed is *prima facie* evidence of the regularity of the sale of the premises described in the deed, and of the regularity of all of the proceedings; and the holder of a tax deed is not required to support it with proof that the delinquent had no personal property at the time of the sale from which the tax might be collected.

From the Knox Circuit Court.    *Affirmed.*

*W. A. Cullop* and *C. B. Kessinger,* for appellants.

*H. S. Cauthorn,* for appellee.

HACKNEY, C. J.—This suit was by the appellee, who sought the ejectment of the appellants from lands, the title to which he claimed under a tax sale and deed. The sale was made in 1885, the deed was made in 1894, and the trial was had in 1895. There is but one question in the case: Did the burden rest upon the appellee to prove that at the time of the sale the delinquent owner had no personal property subject to sale for the payment of the taxes? In affirming that the burden so rested upon the appellee the appellants cite *Earle* v. *Simons,* 94 Ind. 573, involving a sale under the tax law of 1872.

In that case it was held that the holder of a tax deed was required to support it with proof that the delinquent had no personal property, at the time of the sale, from which the tax might be collected. This holding, it is urged by counsel for the appellee, was *obiter dictum.* The argument proceeds upon the erroneous assumption that the opinion discloses the presence of evidence in that case proving that the delinquent held personal property at the time of the sale. The evidence was of his having property at the time of the delinquency only. But, in our opinion, the overthrow of that case is not essential to the correctness of the lower court's holding, that the tax deed should stand without support from such evidence. In the tax law of 1881, that in force at the time of the sale in question, R. S. 1881, section 6480, and in the tax law of 1891, R. S. 1894, section 8624, that in force when the deed in question was made, and when the trial of this case was had, it was provided, that "Such deed shall be *prima facie* evidence of the regularity of the sale of the premises described in the deed, and of the regularity of all prior proceedings, and *prima facie* evidence of a good and valid title in fee-simple in the grantee of said deed." No like provision was found in

the law of 1872 and its effect was not considered in *Earl* v. *Simons, supra.* The power of the Legislature to so enact is not a question here, nor is it suggested that the language above quoted is not plain, and ample to cover the question in this case.

The judgment of the circuit court is affirmed.