## BIVENS ET AL. *v.* HENDERSON.

[No. 6,578. Filed November 24, 1908.]

1. PLEADING. — *Complaint.—Ejectment.—Cotenancy.—Trespass.*—A complaint alleging that plaintiff is the owner of the undivided one-fifteenth of certain premises, that he is entitled to the possession of the whole of said premises, and that defendants hold possession thereof without right, states a cause of action; since as there is no allegation that defendants are plaintiff's cotenants, the presumption is that they are trespassers. p. 564.

2. TRIAL.—*General Denial.—Proof Admissible.—Ejectment.*—Under a general denial, in an action in ejectment, the defendant may prove any defense; and therefore the sustaining of a demurrer to affirmative answers therein is harmless. p. 565.

3. APPEAL.—*Assignment of Errors.—Indefiniteness.—New Trial.*— Where an action in ejectment was tried in one county, a new trial for cause denied, a new trial as of right granted, the case venued to another county, where a trial was had and a new trial was denied, an assignment, on appeal, that the trial court erred in overruling appellants' motion for a new trial, properly questions the action of the court in the latter county in overruling the last motion for a new trial. p. 565.

4. SAME.—*Formalism.*—The Appellate Court will not deny justice because of mere formalism. p. 566.

5. SAME.—*Bills of Exceptions.—Time for Filing.—Extensions.— Applications for.*—In order to obtain an extension of time for the filing of a bill of exceptions, under §661 Burns 1908, Acts 1905, p. 45, it is not necessary to file a written application, nor to give the adverse party notice; and where an extension is granted on an oral application it will be presumed that the judge followed the requirements of the statute and properly used a judicial discretion, an abuse only of such discretion being reviewable on appeal. p. 566.

6. JUDGMENT.—*Parties.—Death of, Before Decree.*—A decree entered in a suit after the death of a party thereto is a nullity, where such decree is taken in the name of such decedent. p. 569.

7. TAXATION.—*Tax Deeds.—Avoidance of.—Statutes.*—Tax deeds may be invalidated for other reasons than those enumerated in §8639 Burns 1901, Acts 1891, p. 199, §221, which sets forth the proof required to defeat a tax deed. p. 569.

8. SAME.—*Collection.—Return.—Verification.—Statutes.*—The statute (§8571 Burns 1901, Acts 1891, p. 199, §153), providing for the collection of taxes, does not require that the return by the treasurer shall be verified. p. 571.

9. SAME.—*Settlements between Treasurers and Auditors.—Nonresidents.*—Under §8572 Burns 1901, Acts 1891, p. 199, §154, a county auditor cannot credit the county treasurer with uncollected taxes due from residents except upon a verified statement by the treasurer that he has been unable to find any personal property upon which to levy; but such section does not affect taxes due from nonresidents. pp. 571, 572.

10. SAME.—*Tax Deeds.—Title.—Burden of Proof.*—A tax deed constitutes *prima facie* evidence of the regularity of the prior proceedings and of a fee simple title in the grantee; and the burden is upon the defendant to show the invalidity of such deed. p. 572.

From Shelby Circuit Court; *Will M. Sparks,* Judge.

Action by William E. Henderson against Absent Bivens and another. From a judgment for plaintiff, defendants appeal. *Reversed.*

*William V. Rooker,* for appellants.

*Charles B. Clarke, Walter C. Clarke, Albert F. Wray* and *Thomas J. Campbell,* for appellee.

RABB, C. J.—Appellee brought an action in ejectment in the court below, against appellants. Appellants' demurrer to the complaint was overruled, an answer of general denial, together with several paragraphs setting up special matters in defense, was filed; appellee's demurrer to the special paragraphs of answer sustained and exceptions reserved; the cause submitted to a jury for trial, and a general verdict returned in favor of appellee, together with answers to interrogatories returned by the jury. Appellants' motion for a new trial was overruled, and judgment rendered in appellee's favor on the verdict.

The errors assigned by each appellant severally call in question the action of the court in overruling appellants' demurrer to the complaint, in sustaining the demurrers to the second, third and fourth paragraphs of appellee's answer, and in overruling appellants' motion for a new trial.

The cause was begun in the Superior Court of Marion County, where a trial was had, a new trial granted, and the venue of the cause then changed to the Shelby Circuit Court, and there the trial had, which resulted in the judgment from which this appeal was taken.

It is insisted that the complaint is bad for the reason that its averments show that the plaintiff and defendants are tenants in common of the premises described in the 1. complaint, and that in actions in ejectment by one tenant in common against a cotenant it is essential that the complaint aver either that the defendant denied the plaintiff's right, or did some act amounting to such denial. The averments of the complaint are that the plaintiff is the owner in fee simple, as a tenant in common, of the undivided one-fifteenth of the premises described, and that he is entitled to the possession of all the premises, and

that the defendants hold possession without right. There is no averment that the plaintiff and defendants are cotenants, nor do the facts averred show any such relations between them. On the contrary, it is averred that the defendants hold possession "without right." The complaint does not proceed upon the theory that it is an action by one tenant in common against a cotenant, but on the theory that the defendants are trespassers, and in possession, without right, against all of the owners, and is a suit by one of several cotenants against such trespassers. The complaint is in substantial compliance with §1100 Burns 1908, §1054 R. S. 1881, and no error was committed in overruling the demurrer thereto.

The general denial was filed to the complaint. Under this pleading all defenses that would be admissible under the paragraphs of answer, to which appellee's demurrer 2. was sustained, could be made, and therefore no available error intervened in the rulings on such demurrer.

It is earnestly insisted by appellee that no question is presented to this court upon appellants'. assignment that the court below erred in overruling appellants' motion 3. for a new trial, for the reason that the record discloses that the cause originated in the Superior Court of Marion County, was there tried, and a verdict returned in favor of appellee, and appellants' motion for a new trial for cause was overruled by that court, and judgment rendered on the verdict. Subsequently appellants' motion for a new trial as a matter of right was sustained, the judgment set aside, a new trial granted, and the venue of the cause transferred to the Shelby Circuit Court, where the cause was tried, a verdict returned in favor of appellee, appellants' motion for a new trial for cause filed and overruled by that court, and judgment rendered on the verdict, from which judgment this appeal was taken. The assignment in question

fails to specify the rulings of which court, and on which particular motion for a new trial, the appellants complain.

This assignment properly calls in question the ruling of the court upon the motion for a new trial of the issue which resulted in the judgment from which the appeal is taken. No other trial had anything whatever to do with the judgment of the court and the ruling complained of. We think the assignment properly presents to this. court the ruling of the court below upon appellants' motion for a new trial.

Criticism is made, too, of the form of the motion for a new trial, but we think the averments are sufficiently formal to present the questions raised, and the assignment

4. of errors is a sufficient assignment by each defendant, and properly presents the question as to whether there was error in the ruling on the motion for a new trial against the appellant McGruder.

It is earnestly insisted by appellee that the bill of exceptions contained in the record is not properly a part of the record, for the reason that the same was not signed by the judge or presented to him within the time allowed by the court for the presentation of such bill of exceptions.

The cause was tried at the December term, 1905, of the Shelby Circuit Court, and a verdict rendered at that term of court. Motion for a new trial, being afterwards

5. made, was at the March term of the court overruled, and during that term judgment was rendered in favor of appellee upon the verdict, and on April 21, being the thirty-sixth judicial day of the March term of the court, the appellants were granted ninety days in which to file their bill of exceptions. The bill in the transcript was not filed within the ninety days, but on July 6, 1906, after the close of the March term, at which the time had been granted, they filed their bill of exceptions, and during the session of the May term, 1906, of said court there appears this record, after entitling the cause: ''Come now

the parties, and the defendant Thomas McGruder now requests of the court an extension of time of thirty days in which to file his bill of exceptions, and the court, being fully advised in the premises, grants said request, and considers and adjudges that said. defendant be and he is hereby granted thirty days additional, beginning July 20, 1906, in which to file his bill of exceptions.'' The bill of exceptions in question was filed within the additional thirty days so given by the court. But it is contended that no notice was given the parties of the application for the extension of time within which to file the bill of exceptions, and that it was not made upon any sworn petition setting forth the facts required to appear in order to authorize the granting of such petition, and that the order was made in the absence and without the knowledge of the appellee.

It is the theory of the appellee that before the court, or judge in vacation, is empowered to extend the time within which a bill of exceptions may be filed, a verified petition must be filed, showing that the failure of the party presenting the bill to present it within the time granted was due to the inability or failure of the court reporter to prepare and furnish a transcript of the evidence, as provided in the act of April 15, 1905 (Acts 1905, p. 45, §661 Burns 1908). In this view we cannot concur. The statute in question provides that "whenever time has been given in which to file any bill of exceptions, the court, if in session, or the judge thereof, in vacation, may on a proper showing under oath, either in term time or vacation, grant an extension of time. And it shall be the duty of such court or judge to grant a reasonable extension of time to file the bill of exceptions containing the evidence. Provided, the failure to tender such bill of exceptions is due to the inability or failure of the court reporter to prepare and furnish a transcript of the evidence.'' We do not understand from this statute that any notice is required to be given an adverse party. It is not in fact an adversary proceeding. The statute does not

require a petition in writing to be presented either to the court or judge. It does require that the person making the application for the extension of time shall make a proper showing, under oath. This can be done as well by the sworn testimony, taken orally, of the parties as by a written, verified petition. It is a matter addressed to the discretion of the court. The judge of the court must be satisfied that facts existed justifying the extension of time, and there is no reason why a notice should be given to the adverse party, or that the bill of exceptions should be submitted for his inspection. The statute providing for the filing of bills of exception does not require that they be submitted to the adverse party. The judge of the court is responsible for the granting of time. If his discretion is abused, that fact might be presented. We take it that a judge or court will have no right, under the statute, to grant parties an unreasonable time, but when the record discloses that an application for additional time was made to the court or to the judge, and that it was granted, and that no unreasonable time was given, it will be presumed, in favor of the action of the judge or court, that a proper showing was made.

Among the reasons assigned for a new trial were that the evidence was insufficient to sustain the verdict, and that the court erred in giving certain instructions to the jury.

There was introduced in evidence the record of a decree in a suit brought in the Superior Court of Marion County by Charles Mathews, joined with William and Henry Guy, against the appellant McGruder, to quiet their title to the premises described in the complaint, entered prior to the commencement of this action, and in which it was determined (1) that appellant McGruder had a valid lien on the premises for the taxes, penalty, interest and costs for which the land had been sold at the tax sale, upon which a tax deed was made, and under which tax deed the appellant claimed title; (2) that the plaintiffs in that case, Mathews and the Guys, take nothing by their suit.

The appellee claims title under Mathews by a conveyance made subsequent to the judgment. Each of the parties to this action asserts that this judgment concludes his adversary, appellants contending that it adjudicates the question of title against Mathews, and that appellee, being in privity of title with him, is therefore equally concluded; while appellee contends that the question of Matthews's title was not adjudicated in that proceeding, but that the rights of the appellant McGruder under his tax deed were, and that it was conclusively determined that he had but a lien on the premises, and not the title.

A fact, however, appears without dispute or controversy in the evidence in the case that is fatal to both contentions. It is shown that said Charles Mathews died while the proceedings resulting in the judgment were pending, and long before the entering of the decree relied on, and the same was therefore an absolute nullity, both for and against all who claim under him. The appellant McGrudy claims title under a tax deed made on February 13, 1893, by the county auditor of Marion county to one Halton, upon the sale of the premises for delinquent taxes for the years 1889 and 1890. Aside from the adjudication before referred to, the only attack made by appellee upon McGruder's title under his tax deed was proof that the treasurer of Marion county failed to verify by his oath or affirmation his return of said taxes as delinquent, it being appellee's contention that §§8571, 8572 Burns 1901, Acts 1891, p. 199, §§153, 154, being substantially the same as §§6427, 6428 R. S. 1881, require that the treasurer's return of the delinquent taxes shall be so verified. The appellants meet this with the contention (1) that no question of the validity of the tax title acquired by the grantee in the deed can be raised except as provided in §8639 Burns 1901, Acts 1891, p. 199, §221, being substantially the same as §6495 R. S. 1881; (2) that these provisions of the law do not apply to the case, for the reason that the owners of the premises were

nonresidents of the State at the time. Appellants' first contention has been settled adversely by the decision of the Supreme Court in the case of *Skelton* v. *Sharp* (1903), 161 Ind. 383.

With reference to the second contention, there was evidence in the case from which the jury might find, and they did in fact find, by their answers to interrogatories, that, at the time the taxes on the premises became delinquent for the years 1889 and 1890, the owners of the premises were nonresidents of the State.

The provisions of the sections of the statute, the noncompliance with which by the county treasurer is relied upon to defeat McGruder's tax deed, are as follows: ''After the third Monday of April, the treasurer shall cause a list to be made of the delinquents, with the amount due from each, and with a separate column headed 'Return,' which list shall be certified to be correct by the auditor, and shall then proceed with such list, * * * call, either in person or by deputy, upon every person named in the duplicate who is delinquent, and who resides in the county, and he shall make demand for the amount of such delinquent taxes, * * * of each resident delinquent, and if the taxes * * * are not paid on such demand, he shall proceed immediately to levy upon sufficient personal property of such delinquent to pay such taxes, * * * and to sell the same. * * * When he can find no personal property of such delinquent within the county upon which to levy, after diligent search therefor, he shall make, opposite the name of said person on said list, in the column marked 'Return,' a special return, setting forth the fact, * * * which return shall be *prima facie* evidence of the facts therein recited.'' §8571, *supra.*

Section 8572, *supra*, provides as follows: ''County auditors shall not be authorized to credit the treasurer with any uncollected delinquency for which he claims credit, unless such treasurer shall show, by proper returns as above provided, verified by his oath or affirmation, that he has dili-

gently sought for and been unable to find any personal property from which to collect such taxes.''

It will be observed that the first section of the statute quoted does not require the return by the treasurer of the delinquent taxes to be verified by his oath, and it is this section that governs the proceedings in the collection of the taxes.

Section 8572, *supra,* relates, not to the collection of the taxes, but to the settlement of the treasurer with the county auditor; and it will also be observed that the first section, by its clear and express terms, can apply only to resident delinquents.

The court instructed the jury, over the appellants' objection, as follows: ''11. Where a defendant relies upon a tax deed as evidence of title in himself, and to defeat an ejectment action against him by one holding' a record title to the premises from the United States government, it must be shown that all the requirements of the statutes relating to the sale of lands for delinquent taxes upon which said deed was issued have been complied with; and if any one of the provisions of law requiring such sales of land for taxes has not been complied with by the proper officers, then I instruct you that such tax deed is invalid and ineffectual to convey title, and your verdict should be for the plaintiff.''

The twelfth instruction, given by the court over appellants' objection, is as follows: ''If you find from the evidence that the real estate described in the complaint was sold for taxes for the years 1889 and 1890, and if you further find from the evidence that at the time such sale was made there was no return, duly verified by the county treasurer, on file with the county auditor, showing the lands and lots delinquent for unpaid taxes, and that the county treasurer had diligently sought for and had been been unable to find any personal property from which to collect such taxes, or that having made a levy he was enjoined or otherwise prevented from making a sale or collection by a court

of competent jurisdiction, then I instruct you that the law regulating the sale of land for taxes was not complied with, and such sale was invalid, and the deed executed thereon is ineffectual to convey title, but confers on the holder thereof only a lien on the premises, and your verdict should be for the plaintiff.''

These instructions were both clearly erroneous. Under the statutes in force when the tax sale and deed in question were made, governing the probative effect of the tax deed, it is *prima facie* evidence of the regularity of the sale, and of all prior proceedings, and of a valid title in the grantee, and casts the onus of proof of any defect in the proceedings which would render the deed void, for the purpose of conveying title, on the party assailing the deed. §8624 Burns 1901, Acts 1891, p. 199, §206; *Richard* v. *Carrie* (1896), 145 Ind. 49; *May* v. *Dobbins* (1906), 166 Ind. 331; *Brown* v. *Reeves & Co.* (1903), 31 Ind. App. 517.

From instruction eleven given by the court, the jury must necessarily have understood that the burden of proving every step necessary to render the tax sale valid was upon the holder of the tax deed; and they necessarily understood from instruction twelve that, regardless of the question as to whether the owners of the property returned for delinquent taxes were residents of the county or State, or otherwise, the failure of the county treasurer to verify his return of the delinquent tax rendered void the tax deed for the purpose of conveying title. As before stated, this provision of the law could, at most, apply only in cases where the delinquent taxpayer was a resident of the county. We do not decide that such failure would, in any event, affect the title of one who purchased at a tax sale.

For these errors of the court the cause is reversed, with instructions to the court below to grant a new trial.