## HENDERSON v. BIVENS ET AL.

[No. 7,521.   Filed May 14, 1912.]

1. APPEAL.—*Subsequent Trial.—Law of the Case.*—The decision of the court on appeal is the law of the case on all questions determined thereby, and where the court on appeal decided that the verification of the county treasurer's return of delinquent lands was not necessary to a valid sale of such lands for taxes, it is controlling on a subsequent trial. p. 385.

2. TAXATION.—*Tax Deed.—Evidence.*—A tax deed is *prima facie* evidence of the regularity of the sale, of all prior proceedings, and of the title thereby conveyed. p. 386.

3. TAXATION.—*Tax Sales.—Validity.—Burden of Proof.*—The party attacking the validity of a tax sale has the burden to show by competent proof the invalidity of the sale to give title. p. 386.

From Shelby Circuit Court; *Will M. Sparks,* Judge.

Action by William E. Henderson against Absent Bivens and another. From a judgment for defendants, the plaintiff appeals. *Affirmed.*

*Charles B. Clarke, Walter C. Clarke, Wray & Campbell,* for appellant.

*William V. Rooker,* for appellees.

FELT, C. J.—This is a suit in ejectment by appellant against appellees. Answer, general denial. Trial by jury and verdict for appellees, in pursuance of a peremptory instruction directing the verdict.

A motion for a new trial was overruled, and the court's action in so doing is the error relied on for reversal.

This is the second appeal in this case. *Bivens* v. *Henderson* (1908), 42 Ind. App. 562, 86 N. E. 526.

Several reasons were assigned for a new trial, all of which relate either directly or indirectly to the exclusion of certain testimony offered by appellant, who asserts title to the one-fifteenth part of the real estate involved in the suit.

Appellees hold title by virtue of a tax deed, and appellant's contention is that the deed is ineffectual to convey

title, because of irregularities in the tax sale by reason of which the deed was made.

Appellant's counsel in their brief say: "The only defect appellant's counsel could find in the proceedings leading up to the tax-sale in 1891 was the failure of the county treasurer to verify, by oath or affirmation, as required by law, his return of lots and lands delinquent for that year. Repeated efforts were made on appellant's part to make this proof, but the court below ruled that the proffered evidence was inadmissible. In line with the ruling was the peremptory instruction given by the court directing the jury to return a verdict for defendants. * * * Our contention is that the absence of such a verified 'return' vitiated the whole sale."

The testimony excluded by the court was an offer to prove by two deputy auditors of Marion county, Indiana, that the treasurer's return of lands and lots delinquent for nonpayment of taxes for the years 1889 and 1890 was not verified as required by the statute.

Appellees insist that the decision rendered by this court on the former appeal is the law of the case, and that the questions now raised by appellant were settled

1. adversely to him by that decision. If the questions now presented were determined by the former decision, the law of the case is settled. In that opinion the court said: "The only attack made by appellee upon McGruder's title under his tax deed was proof that the treasurer of Marion county failed to verify by his oath or affirmation, his return of said taxes as delinquent." The court then considered the two sections of the statute (§§8571, 8572 Burns 1901, Acts 1891 p. 199, §§153, 154) and decided that the verification contended for by appellant was found only in the latter of the two sections which provides the manner in which a county treasurer may obtain credit in his settlement for delinquent

taxes, and said: ''It will be observed that the first section of the statute quoted does not require the return by the treasurer of the delinquent taxes to be verified by his oath, and it is this section that governs the proceedings in the collection of the taxes. * * * And it will also be observed that the first section, by its clear and express terms, can apply only to resident delinquents.''

It was shown that the alleged owner at the time of the sale was a resident of the State of Kansas. The court clearly decided that the verification of the return was not necessary to a valid sale, and was not required by the section of the statute controlling the question. Also, that the statute applied only to resident delinquents. No other defects in the sale are, or were suggested. The question of the admissibility of proof showing the want of such verification is therefore *res adjudicata*, and the offered evidence immaterial to the question in issue.

The tax deed was *prima facie* evidence of the regu-

2. larity of the sale, of all prior proceedings, and of the title thereby conveyed. *Bivens* v. *Henderson, supra,* 572.

The burden was on appellant to show by competent proof the invalidity of the sale to give title, and, failing to offer such testimony, the court did not err in excluding

3. the offered evidence or in directing the verdict. On the questions presented to the trial court, the former decision was the law of the case.

The rulings on the other questions presented by the motion for a new trial are necessarily determined by the foregoing propositions.

The court did not err in overruling the motion for a new trial.

Judgment affirmed.

NOTE.—Reported in 98 N. E. 421. See, also, under (1) 3 Cyc. 472; (2) 37 Cyc. 1457; (3) 37 Cyc. 1377, 1461. As to the effect of recitals in a tax deed, see 31 Am. St. 233.