# KNOTTS *v.* ZEIGLER.

[No. 8,264. Filed October 8, 1914. Rehearing denied January 22, 1915. Transfer denied April 14, 1915.]

1. TAXATION.—*Tax Deeds.—Irregularity in Tax Sale.—Burden of Proof.*—Under §10380 Burns 1914, Acts 1899 p. 199, §206, making tax deeds *prima facie* evidence of the regularity of the sale of the premises described therein, etc., the party assailing a tax deed· has the burden of proving any defects in the proceedings which would render the deed void and defeat the title of the party claiming thereunder. p. 505.

2. EVIDENCE.—*Public Records.—Admissibility of Copies.—Certification.*—Under §478 Burns 1914, §462 R. S. 1881, where the records of a public office are in existence, copies of instruments and proceedings required by law to be recorded therein, to be admissible as evidence, must be duly certified by the officer having the custody thereof as true and complete copies; hence, in an action to quiet title, the court erred in admitting in evidence copies of deeds and records made by defendant's attorney, and offered to defeat plaintiff's claim of title, where such copies were not certified by the proper officer. p. 506.

3. APPEAL.—*Waiver of Error.—Record.*—Alleged error in opening a judgment and permitting a defense therein can not be determined on appeal in the absence from the record of motions and pleadings relating thereto. p. 507.

From Porter Superior Court; *Harry B. Tuthill,* Judge.

Action by Aramanis F. Knotts against Lena Mayer and others, in which Eugene H. Zeigler was later made a party defendant. From a judgment for the last named defendant, the plaintiff appeals. *Reversed.*

*A. F. Knotts,* for appellant.
*Bomberger, Sawyer & Curtis,* for appellee.

FELT, C. J.—This suit was brought by appellant against Lena Mayer, Hugh T. Syron, Michael C. O'Donnell *et al.* to quiet title to certain real estate in Lake County, Indiana. Notice by publication was given to the above named ·defendants, who were nonresidents of the State of Indiana, and on November 9, 1908, said defendants made application to have the judgment taken against them set aside and to be

permitted to present their defense to the action. The motion was sustained, to which appellant objected and excepted. On March 10, 1908, appellee, Zeigler, asked to be made a party defendant, on the ground that he had acquired the title to the real estate involved in this suit and owned by said Mayer, Syron and O'Donnell. Appellee's motion to be made a party defendant was sustained and he filed an answer in general denial to the complaint. The case was then venued to the Porter Superior Court. On December 6, 1909, judgment was rendered in favor of appellant for the amount of the taxes paid by him with interest and a lien was decreed in his favor for the amount, but judgment was rendered against him on the question of title. He asked and was given a new trial as of right, and on May 23, 1910, judgment was again rendered for appellant for the amount of taxes paid by him, but in favor of appellee as to the title to the real estate claimed by him. Appellant's motion for a new trial for cause was overruled and an appeal prayed and granted.

The errors assigned and relied on for reversal are the overruling of appellant's motion for a new trial and the action of the court in vacating the judgment rendered originally against said Syron, Mayer and O'Donnell.

On the trial appellant introduced in evidence and relied on a tax deed for the real estate in controversy. Appellee, Zeigler, offered in evidence copies of deeds made by a former owner of the real estate to the grantors of appellee and a copy of ''Record of Tax Sales, No. 2, Lake County Register of Sales made by the county treasurer at the courthouse in Crown Point on Monday the 13th day of February, 1893,'' the date on which the real estate in controversy was sold for delinquent taxes, and also permitted appellee's attorney to testify that he was familiar with the county records in the public offices of Lake County, Indiana; that he had copied the instruments offered in evidence from the records and that they were full, true and complete copies of such

instruments. Appellant objected to the introduction of each of said instruments on the ground that the papers offered were not duly certified to be true and complete copies, by the proper officers of Lake County, Indiana, who were the legal custodians of the records of which the instruments offered in evidence purported to be copies, and also that the copies offered were not the best evidence of the facts sought to be proven thereby and the real estate in controversy was not properly described therein; that the verbal testimony of appellee's attorney was irrelevant and immaterial and did not tend either to prove or disprove any of the material facts at issue in the case. The court overruled all of the objections, and admitted the copies in evidence and heard the testimony of the attorney. Appellant excepted and assigned the admission of said instruments and testimony as grounds for a new trial.

It was agreed that before any of the parties to this suit owned or claimed to own the property in controversy, it was owned by the Chicago Tolleston Land and Investment Company. The deeds, copies of which were admitted in evidence, were executed by said company to the grantors of appellee. Section 10380 Burns 1914, Acts 1899 p. 199, §206, provides that a tax deed "shall be *prima facie* evidence of the regularity of the sale of the premises described in the deed, and of the regularity of all prior proceedings, and *prima facie* evidence of a good and valid title in fee-simple in the grantee of said deed." By this statute the party assailing a tax deed has cast upon him the burden of proving any defects in the proceedings, which would render the deed void and defeat the title of the party claiming thereunder. *Bivens* v. *Henderson* (1908), 42 Ind. App. 562, 572, 86 N. E. 526; *Henderson* v. *Bivens* (1912), 50 Ind. App. 384, 98 N. E. 421.

It is apparent that appellee offered in evidence copies of the deeds from said land company to his grantors to show his title and the record of the tax sale which was the basis

of appellant's deed, and the testimony of appellee's
2. attorney to show irregularities and defects in the sale
which would defeat appellant's *prima facie* title made
by his tax deed. Section 478 Burns 1914, §462 R. S. 1881, pro-
vides that "Exemplification or copies of records, and records
of deeds and other instruments, or of office books or part
thereof, and official bonds which are kept in any office in
this State, shall be proved or admitted as legal evidence in
any court or office in this State, by the attestations of the
keeper of said record, or books, deeds or other instruments,
or official bonds, that the same are true and complete copies
of the records, bonds, instruments, or books, or parts thereof
in his custody, and the seal of office of said keeper thereto
annexed, if there be a seal, and if there be no official seal,
there shall be attached to such attestation, the certificate of
the clerk, and the seal of the circuit or superior court of the
proper county where such keeper resides, that such attesta-
tion is made by the proper officer." Where the records of
a public office in this State are in existence, copies of in-
struments and proceedings required by law to be recorded
therein, to be admissible as evidence, must be duly certified
by the officer having the custody thereof as true and com-
plete copies of such instruments or the portions of the record
desired to be used as evidence. *Painter* v. *Hall* (1881), 75
Ind. 208, 214; *Naanes* v. *State* (1896), 143 Ind. 299, 302,
42 N. E. 609; *DeHart* v. *Board, etc.* (1896), 143 Ind. 363,
365, 41 N. E. 825.

The deeds and tax record, copies of which made by appel-
lee's attorney were received in evidence, were offered to
defeat appellant's claim of title and their admission in evi-
dence can not be treated as a harmless error or be justified
by invoking the rule that proof of a negative, or the non-
existence of facts that should appear of record, may be made
by parol testimony of any person who has shown himself
competent to give such evidence. To sustain the ruling
admitting such copies would be to annul the statute and

violate a well-established rule of evidence requiring the best evidence available to prove any material fact. Appellee's attorney did testify in substance to the absence from the record of a proper certificate of the county auditor, required by the statute and that the certificate shown by the copy offered in evidence was the only certificate shown by the record in relation to said tax sale, but no question is presented in regard to such oral testimony, and our decision is limited to the question presented by the admission in evidence of the copies of said deeds and record made by

3. appellee's attorney. The question relating to the ruling of the court in opening up the original judgment can not be determined because of the absence from the record of certain motions and pleadings relating thereto.

For the error in receiving in evidence the unauthenticated deeds and the record of the tax sale, the judgment is reversed with instructions to the lower court to sustain appellant's motion for a new trial. Judgment reversed.

NOTE.—Reported in 106 N. E. 393. As to recitals in tax deeds and their effect as evidence, see 31 Am. St. 233. See, also, under (1) 37 Cyc. 1461, 1516; (2) 17 Cyc. 337; (3) 3 Cyc. 155.