## HYPES *v.* NELSON ET AL.

[No. 9,280.   Filed December 19, 1916.]

1. APPEAL.—*Joint Exceptions.*—Where the exceptions to conclusions of law are joint, the judgment must be affirmed if any one of such conclusions is correct.   p. 305.

2. TRIAL.—*Findings of Fact.—Failure to Find.—Effect.*—The absence of a finding on any material issuable fact is by presumption a finding against the party having the burden on that issue. p. 307.

3. TAXATION.—*Tax Deeds.—Validity.—Burden of Proof.*—Under §10380 Burns 1914, Acts 1891 p. 199, 275, making tax deeds *prima facie* evidence of the regularity of the sale of the land and all prior proceedings, and *prima facie* evidence of a valid title in fee in the grantee, a party assailing the validity of a tax deed has the burden of proof.   p. 307.

4. TAXATION.—*Tax Sales.—Validity.*—To convey title, a tax sale must be conducted in accordance with the statute, and if any material act required has been omitted, or has been improperly done, the sale is ineffectual and insufficient to convey title to the purchaser.   p. 307.

5. TAXATION.—*Tax Sales.—Search for Personal Property.—Demand.—Statute.*—Where a county treasurer, prior to making a sale of realty for delinquent taxes, not knowing that one in possession of the property involved was the real owner or claimed any interest therein, searched the tax duplicates for personal property belonging to the owner of record, but found none listed in her name for taxation, and made no further search or demand for property to pay the delinquent taxes, this was sufficient under §10324 Burns 1914, Acts 1903 p. 49, 60, making it the duty of the county treasurer to make demand and a search for personal property out of which to pay delinquent taxes of each resident delinquent, since the statute refers to delinquents whose names appear on the tax duplicate.   p. 308.

6. TAXATION.—*Tax Sales.—Place of Holding.—Validity.—Statute.*—Under §10355 Burns 1914, Acts 1891 p. 199, 269, providing that tax sales shall be at public auction at the door of the county courthouse, a sale is valid, although conducted inside the courthouse near the door, which was closed at the time on account of cold weather.   p. 308.

7. TAXATION.—*Tax Sales.—Conduct of Sale.—Validity.—Statute.*—Under §10356 Burns 1914, Acts 1891 p. 199, 269, providing that on the day fixed in the notice the county treasurer shall commence the sale for delinquent taxes and continue the same until so much of each parcel assessed shall be sold as will pay the taxes, a sale was valid where made by an auctioneer in the

presence and under the direction of the county treasurer, even though such auctioneer had no written appointment and did not take any oath as deputy treasurer. p. 308.

From Hendricks Circuit Court; *George W. Brill,* Judge.

Action by Allen G. Hypes against Horace Nelson and others. From a judgment for defendants, the plaintiff appeals. *Affirmed.*

*James W. Nichols* and *Orville W. Nichols,* for appellant.

*George C. Harvey, Drenan R. Harvey, George R. Harvey* and *Samuel Ashby,* for appellees.

IBACH, J.—This is an action to quiet title to certain lots and to set aside a tax deed held by appellee Horace Nelson. There was a cross-complaint to quiet title under such tax deed. Upon request the court filed a special finding of facts with conclusions of law stated thereon.

1. The only question presented for the decision of this court is the correctness of the conclusions of law. The exceptions are joint and if any one of such conclusions is correct the judgment must be affirmed.

The facts found by the court are, in brief, as follows: On April 30, 1908, appellant was the owner of the real estate in controversy and on that date conveyed the property to John W. Trotter. On August 31, 1908, Trotter and wife conveyed it to Effie M. O'Donnell. Each of these deeds was recorded in the recorder's office of Hendricks county within forty-five days after their execution. On December 15, 1908, Mrs. O'Donnell, her husband joining, deeded the property to James R. Gum. On December 18, 1909, Gum and wife deeded the property to appellant. The two last-mentioned deeds were recorded on July 10, 1914. While the property was in the name of Effie M. O'Donnell and while it so appeared on the tax duplicate, the taxes became delinquent for the years 1909 and 1910, and the property was sold for taxes by the treasurer on February

14, 1911, to appellee Horace Nelson for $6.79, the amount of taxes due thereon and penalties. Nelson at that time took a tax certificate as evidence of the sale. "The sale as conducted by the treasurer was made by one William L. Wilson, an auctioneer, in the presence and under the direction of said treasurer, the said Wilson holding no written appointment, nor having taken any oath as deputy county treasurer, on the inside of the east courthouse door in the hallway of the courthouse, and near to the door; the day upon which the sale was made was cold and the door at the time was closed." Before the sale the treasurer searched the tax duplicate for personal property in the name of Effie M. O'Donnell and found no personal property listed by her for taxation, and he made no further search or demand for personal property. The treasurer, at the time and prior to the sale, had no knowledge that appellant was the owner or claimed to be the owner of the property and made no search for personal property in his name. If he had done so, he could have found personal property sufficient to pay the taxes delinquent on said real estate. The property was sold for delinquent taxes. Appellant is now and has been in possession of the property since December 18, 1909, claiming to be the owner thereof. Since the sale of the property for taxes appellee Nelson has paid all taxes due thereon, in all $14.47. Appellant has not paid or offered to pay any taxes on such property since the same became delinquent, except on May 30, 1914, he tendered to appellee Nelson the sum of $16, which lacked $1.63 of being the amount of the principal, interest and subsequent taxes paid at that date by Nelson. The sum of $16 was brought into court for the use of appellee. On April 5, 1913, the then auditor of said county executed and delivered to appellee Nelson a tax deed to the real estate in controversy which was recorded the same day on the deed records of said county. At the time of the sale the property was of

the fair value of $400. Appellant had no actual knowledge of the sale. Appellee Nelson is claiming to be the owner under the tax deed.

The court concludes as a matter of law: "(1) That the defendant and cross-complainant Horace Nelson is the owner in fee simple of the real estate in question and entitled to have his title quieted thereto; (2) that the law is against the plaintiff and that he take nothing by this action; and (3) that the defendant recover his costs from the plaintiff."

The absence of a finding on any material issuable fact is by presumption a finding against the party having the burden on that issue. Section 10380 Burns 1914, Acts 1891 p. 199, 275, provides that a tax deed shall be *prima facie* evidence of the regularity of the sale of the land and of all prior proceedings, and *prima facie* evidence of a valid title in fee in the grantee named in the tax deed. A person assailing the validity of such deed has the burden of proof. *Knotts* v. *Zeigler* (1914), 58 Ind. App. 503, 106 N. E. 393; *Henderson* v. *Bivens* (1911), 50 Ind. App. 384, 98 N. E. 421; *Richard* v. *Carrie* (1895), 145 Ind. 49, 43 N. E. 949.

"The manner of conducting a delinquent tax sale to make the same effective to convey title must be in accordance with the statute, and each step required from the first publication notice to the delivery of the deed must be taken. If any material and essential act required to be done has been omitted, or has been improperly done, the entire sale must be held ineffectual and insufficient to convey title to the purchaser." *Dixon* v. *Thompson* (1912), 52 Ind. App. 560, 563, 98 N. E. 738, 739.

Appellant's contentions are based on two propositions: (1) That there was no demand or search for personal property (belonging to appellant) prior to the sale; and

(2) that the manner of sale was not in conformity with the statute in that the statute contemplates a sale by the treasurer, whereas the facts in this case show a sale by an auctioneer in the presence and under the direction of the treasurer, such auctioneer having no written appointment and not having taken any oath as deputy treasurer; and further that the sale was held in the courthouse instead of on the outside.

In answer to the first, it may be said that the facts show that the record title at the time of the sale was in the name of Effie M. O'Donnell; that the treasurer searched the tax duplicate for personal property in that name and found none listed by her for taxation; that the treasurer at the time and prior to the sale had no knowledge that appellant was the owner, or claimed to be the owner, of the property. The findings do not show, and it is not claimed, that Effie M. O'Donnell had any personal property out of which the delinquent taxes might have been collected. Section 10324 Burns 1914, Acts 1903 p. 49, 60, which makes it the duty of the county treasurer to make search and demand for personal property out of which to pay delinquent taxes of each resident delinquent, refers to delinquents whose names appear on the tax duplicate.

The provisions of the statutes affecting the questions presented by the second proposition, *supra,* read as follows: "The auditor shall cause a copy of such (delinquent) list to be posted * * *. To such list shall be attached * * * a notice that * * * said lands * * * will be sold at public auction at the courthouse door of such county," etc. §10355 Burns 1914, Acts 1891 p. 199, 269. "On the day mentioned in the notice, the county treasurer shall commence the sale of such lands, and shall continue the same from day to day," etc. §10356 Burns 1914, *supra.*

The contention of appellant cannot be upheld. The

NOVEMBER TERM, 1916.        309

Wainright Trust Co. *v.* U. S. Fidelity, etc., Co.—63 Ind. App. 309.

findings of fact show a substantial, if not a strict, compliance with the requirements of the statute.   Judgment affirmed.

NOTE.—Reported in 114 N. E. 459.  Tax sales, where made, 33 L. R. A. 96; 37 Cyc 1334.  See under (2) 38 Cyc 1985; (4) 37 Cyc 1479.