## GRAY vs. GATES, impleaded.

PRACTICE. OPENING JUDGMENT. (1, 4) *Unauthorized after term at which entered, when.* (3) *When authorized,* Tay. Stats., 1431, § 12.
APPEARANCE. (2) *General, waives defective service of process.*

1. After the expiration of the term at which a valid judgment is rendered, the court has no power to open it, except that given by statute.
2. The appearance of a party against whom a judgment has been rendered, to move that it be opened, and for leave to answer, is a *general* appearance to the merits, and waives all defects in the service of process and other proceedings preliminary to the judgment, and gives the court jurisdiction of his person.
3. In an action by a tax title claimant to bar the former owners, under ch. 22 of 1859, one who is made a defendant as an "unknown owner," and against whom proper proceedings have been taken to bind him by the judgment, but upon whom the summons was served only by publication, may, upon good cause shown, have the judgment opened, and be allowed to defend, at any time within one year after notice of such judgment, *and within three years after its rendition.* Tay. Stats., 1431, § 12.
4. But after the lapse of three years from the rendition of such a judgment, the court has no power to disturb it, even upon the application of a defendant who had no actual notice of it until a short time before making the application.

APPEAL from the Circuit Court for *Pierce* County.

*H. A. Wilson*, for appellant.

*White & Button*, for respondent.

LYON, J. This action was brought in the circuit court for Pierce county, under the provisions of ch. 22, Laws of 1859, to bar the title and interest of the former owners in certain lands in that county, conveyed to the plaintiff by a tax deed. Judgment for the plaintiff for the relief demanded was rendered therein at the May term, 1869, of such court. At the May term, 1874, the court, on motion of one *Stephen K. Gates*, who was the former owner of one of the parcels of land conveyed by such tax deed, made an order opening the judgment as to *Gates*, and giving him leave to file an answer to the complaint. This appeal is from such order.

*Gates* is not named in the summons or complaint as a party to the action. If a party thereto, he is such under the general designation of "unknown owners." If the proceedings against the "unknown owners" of the lands affected by the action were not so conducted as to make *Gates* a party in respect to his land, and to bind him by the judgment, he has no standing in the action, and the court erred in opening the judgment and permitting him to come in and defend. In that case he has his remedy by action to avoid the invalid tax deed (if it be invalid), and the judgment in this action will not affect his right to be relieved against it. *Bean v. Fisher*, 14 Wis., 57.

Hence, it is more favorable to *Gates* to regard him as a party to the action; and for the purposes of this appeal, he will be so considered. For like purposes it will be assumed that if the court had power to open the judgment, it sufficiently appears from the affidavits on which the motion was founded, that *Gates* ought to be let in to defend the action. This only leaves to be determined the single question, Had the circuit court power to open the judgment five years after it was rendered?

If *Gates* is a party to the action, he is so by virtue of

sec. 46, ch. 22, Laws of 1859, which is as follows: "If the plaintiff in an action commenced under the provisions of this act cannot ascertain who are the proper persons to make defendants, as to any tract or parcel of land described in his complaint, he may allege the fact in his complaint, and they may be proceeded against as absent defendants, and shall be described in the proceeding as 'unknown owners.'" (Tay. Stats., 451, § 210.) For the practice in such cases we must necessarily look into the general statute, which prescribes the mode of procedure against absent defendants. It is provided in sec. 10, ch. 124, R. S., that a defendant upon whom service has only been made by publication of the summons, may, " upon good cause shown, be allowed to defend after judgment, at any time within one year after notice thereof, and within three years after its rendition." (Tay. Stats., 1431, § 12.) *Nelson v. Rountree*, 23 Wis., 367, is an authority that this statute is applicable to this cause.

The proceedings in the action seem to have been regular; at least the record fails to disclose any defect of jurisdiction in the circuit court. The appearance by *Gates* to move that the judgment be opened and for leave to answer, was a general appearance to the merits, which waived all defects in the service of process and in the proceedings preliminary thereto, and gave the court jurisdiction of his person. *Grantier v. Rosecrance*, 27 Wis., 488, and cases cited. Such being the case, the court had no power over the judgment after the adjournment of the term at which it was rendered, save that given by statute. The largest power thus given is that conferred by the statute last above quoted. The periods of one year and three years therein mentioned are necessarily limitations of the power. Thus far may the court go, but no farther. The relief must be obtained, if at all, within one year after notice of the judgment, but it cannot be granted after three years from the rendition thereof. Whether the defendant have no-

tice of the judgment or not, the power of the court to disturb it is absolutely gone at the expiration of the three years.

It follows that the circuit court had no power to open the judgment and permit *Gates* to defend the action.

*By the Court.* — Order reversed.