Painter v. Hall.

No. 7497.

PAINTER v. HALL.

CONTRACT.—*Sale and Conveyance of Real Estate.—Failure of Consideration.—Rescission.—Specific Performance.—Reconveyance.—Vendor's Lien.—Complaint.—Pleading.*—A complaint in five paragraphs, alleging, in various forms, the sale and conveyance of real estate, to be paid for in notes of good and responsible men, unknown to plaintiff, and living remote from him, but represented by defendant to be ready to pay on demand, and the failure of consideration, in that the notes were worthless, praying a rescission of the contract, or specific performance, or a reconveyance, or a judgment enforcing the vendor's lien, although its language and statements be not very plain or concise, contains the substance of a cause of action, and its paragraphs are sufficient on demurrer.

SAME.—*Assessment Lists.—Evidence.—Officer.*—Assessment lists, made out and arranged under the direction of a public officer, in pursuance of a duty enjoined by law, are competent evidence as tending to show the amount of property owned by the assessed.

Painter *v.* Hall.

SAME.—*Certificate of Assessment by Auditor.—Practice.—New Trial.*—On the trial of such action, it was error for the court to admit in evidence certified copies of the tax assessment list of the maker of each of such notes, returned under sections 127, 129 and 130, 1 R. S. 1876, pp. 104, 105, certified by the auditor of the county, merely as "a true copy of the assessment," etc., of each of the makers of the notes.

EVIDENCE.—*Tax Assessment List.—How Certified.*—To render a copy of a tax assessment list, returned under sections 127, 129 and 130, competent and admissible as legal evidence, under section 283, 2 R. S. 1876, p. 150, it must be certified by the auditor, as keeper of said instrument, to be "a true and complete copy" thereof.

SAME.—*Documentary Evidence.—Authentication.—Requirement of Statute.*— Where a statute prescribes the mode of authentication of records, instruments, etc., no other mode will do.

From the Henry Circuit Court.

*J. H. Mellett* and *E. H. Bundy*, for appellant.

BICKNELL, C. C.—This was a suit brought by the appellee against the appellant. The complaint was in five paragraphs.

The first paragraph alleged that the appellee sold the appellant thirty acres of land for fifteen hundred dollars, to be paid in notes of good and responsible men, able and willing to pay such notes promptly; that the appellant offered the appellee the note of Jacob Olinger for $1,000, and the note of William Stark for $500, and, to induce the appellee to take said notes in payment for the land, represented to the appellee that Olinger was a good and responsible man, able and ready to pay his note on demand, and that Stark's note was secured by a first mortgage on unincumbered property, and was first-class and sure to be paid; that Olinger and Stark lived in a remote county, and appellant did not know, and had no means of knowing, their circumstances, and believed said representations to be true; that, relying on said representations, the appellee took said notes and conveyed said land to appellant; that all of said representations were false, and were known to be false by appellant; that said land was worth $1,500, and said notes were worth nothing;

that appellant, on demand, refused, and still refuses, to pay for the land. Wherefore, etc.

The second paragraph alleges, in substance, the same facts and false and fraudulent representations stated in the first paragraph, and that the appellee, upon discovering the worthlessness of said notes and the bad faith of the appellant, tendered to him said notes, and demanded a rescission of the contract; and that appellee brings said notes into court, and tenders them to appellant, and demands a rescission of the contract.

The third paragraph of the complaint charges that appellant bought the appellee's land for $1,500, and agreed to pay therefor in two notes, one of $1,000, and the other of $500, and further agreed that both of said notes should be the notes of good, solvent, responsible men, able and willing to pay the same, and that said note for $500 should be secured by a first mortgage on unincumbered real estate of the maker thereof, of the value of $1,500, and that the appellee, in consideration of said agreements of the appellant, conveyed to him said land by a good and sufficient warranty deed, which the defendant accepted, but has hitherto wholly refused, and still refuses, to deliver to the appellee said notes, or any part thereof.

The fourth paragraph of the complaint states the appellant's proposition to buy said land for $1,500, and to pay for it by transferring to appellee the note of Jacob Olinger for $1,000, payable to appellant, and the note of William Stark for $500, payable to appellant. This paragraph states also the false and fraudulent representations of the appellant as to the solvency and ability of the makers of said notes, and that defendant had no knowledge of the makers of said notes, or their circumstances, and believed and relied upon said representations, and therefore conveyed said land to the appellant, but he, instead of delivering to appellee the said notes payable to appellant, and by him endorsed to ap-

Painter *v.* Hall.

pellee, refused to do so, and delivered to appellee notes payable to appellee, having procured said Olinger and Stark to substitute these last mentioned notes for the other notes payable to appellant, and which appellant had agreed to transfer to the appellee; and that appellee, as soon as he discovered the worthlessness of said notes and the fraudulent practice of the appellant, tendered said last mentioned notes to him, and "demanded that he receive them and reconvey the land, or that he comply with his contract with appellant, or pay him for his land, all of which he flatly refused, and still refuses, to do."

The fifth paragraph of the complaint alleges that appellant is indebted to appellee in the sum of fifteen hundred dollars, for thirty acres of land, sold to the appellant by the appellee, which the appellant, although often requested, has hitherto wholly refused, and still refuses, to pay.

The complaint ends with a general prayer for "damages, or else that appellant be compelled to specifically perform his contract, or that the contract be rescinded, and appellant ordered to reconvey the land to appellee upon the surrender of said notes, or that the appellee may have judgment for said fifteen hundred dollars, and that the same be declared a vendor's lien upon said land, or such other and further relief as may be right."

To all of these paragraphs, except the fifth, the appellant demurred for want of sufficient facts, etc., and all of the demurrers were overruled by the court.

The appellant answered the complaint by a general denial.

The issues were tried by a jury, who returned the following verdict: "We, the jury, find for the plaintiff, and assess his damages at sixteen hundred and fifty-seven and $\frac{50}{100}$ dollars ($1,657$\frac{50}{100}$). T. B. EDWARDS, Foreman."

With their verdict, the jury returned the following interrogatories, propounded to them on behalf of the appellee, and the following answers to said interrogatories:

"1st. Did not the defendant say to the plaintiff, during the negotiations of the trade, that the notes he was proposing to trade for the land were good notes, and would be promptly paid? Ans. He did. J. B. EDWARDS, Foreman."

"2d. Did not the defendant say, during the negotiation of the trade, that the notes on Olinger and Stark were better than his own notes, and would be paid more promptly than he, the defendant, could pay? Ans. He did.

"J. B. EDWARDS, Foreman."

The appellant moved for a new trial, and filed thirteen reasons therefor.

The appellee thereupon remitted fifty dollars of his verdict, reducing it thereby to $1,607\frac{50}{100}$. The court then overruled the motion for a new trial, and rendered judgment in favor of the appellee for $1,607\frac{50}{100}$ and costs.

From this judgment the appeal was taken. The errors assigned here are as follows:

1st. The court erred in overruling the demurrers to the first, second, third and fourth paragraphs of the complaint.

2d. The court erred in overruling the motion for a new trial.

As to the complaint, the language of the several paragraphs is not very plain or concise; the statements of fact therein are not made with much precision, but they contain the substance hereinbefore stated, and the court committed no error in overruling the demurrers thereto. As to the motion for a new trial, the first, second, fifth and sixth reasons therefor are not mentioned in the brief of the appellants, and are therefore regarded as waived.

The twelfth and thirteenth reasons were fully met and obviated by the remittitur entered by the appellee in the court below. The seventh, eighth, ninth, tenth and eleventh reasons for a new trial present objections to all the instructions given by the court of its own motion, and to the refusal of all the instructions asked for by the appellant, and

Painter *v.* Hall.

the fourteenth reason objects to the sufficiency of the evidence to sustain the verdict; but the propriety of the instructions given and refused, and the sufficiency of the evidence to sustain the verdict, need not be considered here, because the motion for a new trial must be sustained on account of the improper admission of documentary evidence. The third and fourth reasons for a new trial are as follows:

3d. The court erred in allowing the plaintiff to read in evidence to the jury, over the objections of the defendant, a certified copy of the assessment list of William Stark, for the year 1877, the same being introduced for the purpose of showing the amount of personal property said Stark owned at the time of said trade.

4th. The court erred in allowing the plaintiff to read in evidence a certified copy of the assessment list of Jacob Olinger, for the year 1877, over the objection of the defendant.

It appears by the bill of exceptions that the appellant objected to the introduction of the said documentary evidence, as hearsay evidence, and therefore incompetent, and as inadmissible, because not sufficiently certified. Upon general principles, assessment lists, being public instruments, made out and arranged under the direction of a public officer, in pursuance of a duty enjoined by law, are competent evidence as tending to show the amount of property owned by the assessed. *Ronkendorff* v. *Taylor's Lessee*, 4 Pet. 349. See also 1 Greenl. Ev., secs. 483, 484, 491 and 493; 2 Phillipps Ev. 291; *Doe* v. *Seaton*, 2 A. & E. 171, 178; *Rex* v. *King*, 2 T. R. 234; *Doe* v. *Cartwright*. 1 C. & P. 218; *Richardson* v. *Mellish*, 2 Bing. 229.

These lists are required to be returned by the assessor to the county auditor, who is required to preserve the same carefully in his office. 1 R. S. 1876, pp. 104, 105, secs. 127, 129, 130. They are, therefore, "instruments kept in a public office in this State," and under section 283 of the

practice act, they "shall be proved or admitted as legal evidence in any court or office in this State, by the attestation of the keeper of said   *   *   instruments,   *   *   that the same are true and complete copies of the   *   *   instruments,   *   *   in his custody, and the seal of office of said keeper thereto annexed, if there be a seal," etc.

Where the statute prescribes the mode of authentication, no other mode will do.    Thus, in *Allen* v. *Thaxter*, 1 Blackf. 399, it was held that, where the statute required a seal, an unsealed certificate was inadmissible.  So in *Phelps* v. *Tilton*, 17 Ind  423, a transcript of a record was held inadmissible because the certificate of the presiding judge to the attestation of the clerk of the court failed to state that the presiding judge was "*of such court*," when the statute, practice act, section 286, required such statement.    Again, in *Tull* v. *David*, 27 Ind. 377, where the statute required the certificate to show "a full, true and complete transcript of the record," this court held a certificate inadmissible, which stated that "the foregoing is a true transcript of the proceedings had in said cause, as appears by the record books." And in *Weston* v. *Lumley*, 33 Ind. 486, where the statute required the county auditor to certify "a full, true and complete transcript of the record" of the county commissioners, this court held a certificate inadmissible which certified that "the foregoing is truly copied from the records of the board of commissioners."    In the case at bar, the auditor was required to certify that the document was "a true and complete copy of the instrument in his custody," but he certified in Olinger's case as follows :

"I certify that the above is a true copy of the assessment of Jacob Olinger, returned by the assessor for the year 1877.

"[L. S.]                    W. G. STILL,

"Auditor Wabash County."

In Stark's case he certified as follows :

"I hereby certify that the above is a true copy of the

assessment list of William Stark for the year 1877. Witness my hand and seal of Board of Comm'rs.

"[L. S.]                                             W. G. STILL,
                                                  "Aud. W. Co."

Under the authority of the cases hereinbefore cited, these certificates do not satisfy the statute ; they do not state that the documents "are true and complete copies of instruments in the custody" of the officer. They ought not to have been admitted in evidence, and the court below erred in overruling the motion for a new trial. The motion ought to have been sustained for the third and fourth reasons alleged therefor. For this error the judgment of the court below ought to be reversed, and a new trial awarded.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment of the court below be, and the same is hereby, in all things reversed, at the costs of the appellee, and this cause is remanded to the court below, with instructions to award a new trial thereof.