Pier, Respondent, vs. Millerd and others, imp., Appellants.

*March 11 — March 31, 1885.*

| 63 | 33 |
|---|---|
| 112 | ²349 |

*Vacating judgment by default: When application must be made: Abuse of discretion.*

1. Under sec. 2832, R. S., any defendant may invoke the discretion of the court or judge to relieve him from a judgment, at any time within one year after he has received notice thereof, without regard to the time when the judgment was rendered.

2. In an action to bar the original owners of 120 distinct parcels of land, certain defendants were made parties as being the owners of a single parcel, and, having no interest therein, supposed themselves to be formal parties merely and therefore did not appear in the action. The judgment charged them with the whole costs of the action. About four years after such judgment was perfected,

but within one year after said defendants learned thereof, they moved to open the judgment and for leave to answer. *Held*, that it was an abuse of discretion to deny such motion.

APPEAL from the Circuit Court for *Lincoln* County.

This appeal is from an order of the circuit court denying the motion of the appellants, made after judgment, to open the judgment, and for leave to defend the action.

The action was brought under sec. 1197, R. S., against the appellants and over 100 other defendants, to bar the original owners of over 120 distinct parcels of land, described in a certain tax deed executed by the county of Lincoln to the plaintiff, of all their right, title, interest, or claim in such lands. The appellants were made parties to the action because of their alleged ownership of a single forty-acre tract described in the complaint. Neither of them answered the complaint, and judgment by default was rendered against them, as well as against other defendants in the action. Judgment for costs was also rendered against the appellants and some of the other defendants. Such costs were adjusted at $1,060.76, and in December, 1880, were inserted in the judgment at that amount. The judgment was rendered in October, 1879. In November, 1884, the appellants moved the court to open the judgment, and for leave to answer. The motion was founded upon affidavits of certain of the appellants, and an answer, duly verified by all of them, and upon the records and proceedings in the action.

It appears in the motion papers that the summons in the action was personally served upon all the appellants; that none of them ever had any interest in the tract of land in respect to which they were made parties to the action; that the land when assessed for taxation belonged to the state, and was therefore not liable to taxation; that for those reasons the defendants believed they were merely nominal parties to the action, and that no judgment would be ren-

dered against them therein; that the appellant *Ira Millerd* was a large dealer in real estate and tax certificates, and had theretofore been made a party to similar actions for like reasons, in which actions he never appeared, and no personal judgment was rendered against him; that he was closely occupied in another portion of the state, and not believing that any personal judgment would be taken against him, he allowed this action to go undefended; that the other appellants, who were his wife, daughter, and son-in-law, all relied upon his judgment in the premises, and pursued the same course in respect to the action; that no notice of the judgment was given to the appellants, or either of them; and that neither of them knew of its existence until September, 1884, when they learned the fact from an entry in an abstract of title of certain lands of *Ira Millerd* in Lincoln county.

The grounds upon which the court refused to open the judgment are thus stated in the order from which this appeal is taken: "(1) That the court has no power to grant said defendants relief from their default at this late day, under section 2832 of the Revised Statutes of Wisconsin; (2) that said defendants have not used due diligence in protecting their rights in this action, or in making their said motion; (3) that the basis for such an order, made by said defendants' application therefor, is insufficient generally."

For the appellants there was a brief by *Grace & Alban*, and oral argument by *Mr. Grace.*

For the respondent there was a brief by *Shepard & Shepard*, and oral argument by *Mr. T. R. Shepard.*

LYON, J. It cannot be doubted that the judgment against which the appellants seek to be relieved is most inequitable and unjust. The statute permits different owners of land in severalty to be joined in the action, but there is no justice or reason in charging the whole costs of the action upon a

single defendant, who is only alleged to claim an interest in a small fraction of the land affected thereby. The appellants are alleged to claim an interest in but a single forty-acre tract, while their co-defendants are made such in respect to 120 or more other tracts in which it is not claimed the appellants have any interest. The costs should have been apportioned with reference to the number of tracts involved in the action. Had this been done, the costs which the appellants would have been required to pay would not have amounted to $25; probably not one half that amount. Should they be permitted to defend, if they make good the allegation in the motion papers that the land belonged to the state, and was not liable to taxation, and that they never had or claimed any interest in it, no costs could properly be awarded against them.

We think the appellants have sufficiently excused their failure to appear in the action. They acted upon the experience of the appellant *Ira Millerd,* who had theretofore been a party in similar actions, in which he did not appear, and no personal judgment was taken against him in any of them. From this they might reasonably believe that they were merely nominal parties, and incurred no peril by making default, especially because they had no interest in the land. The most they could reasonably apprehend was that a very small proportion of the costs in the action would be imposed upon them.

Without pursuing the subject further, we are satisfied that the appellants have made a case which entitles them to relief, unless they are foreclosed by their delay in applying therefor.

The motion is founded upon sec. 2832, R. S., which provides that the court or judge may, "in discretion, and upon such terms as may be just, at any time within one year after notice thereof, relieve a party from a judgment, order, or other proceeding against him, through his mistake, inad-

Pier vs. Millerd and others, imp.

vertence, surprise, or excusable neglect." A party to a judgment is entitled to such notice thereof before the limitation of the statute commences to run, and there is no other limitation contained in the section. Hence, under this section, standing alone, the party has one year after notice of the judgment in which to move for relief, without regard to the time when the judgment was rendered.

But it is maintained by the learned counsel for the plaintiff that sec. 2833 does prescribe such a limitation, and that under that section the motion must be made within three years after the rendition of the judgment. Such limitation is prescribed in that section, but it affects only parties defendant who have not been personally served with the summons, and who have not received the same through the post-office. Moreover, the right to relief under that section, for good cause shown, is absolute. The language is that a defendant of the class to which that section is applicable, "*shall*, on application, and good cause shown, . . . be allowed to defend after final judgment, at any time within one year after actual notice thereof and within three years after its rendition." The section is mandatory, while relief under sec. 2832 rests in the sound discretion of the court. No good reason is perceived why a defendant not personally served with the summons may not invoke the discretion of the court or judge, conferred by sec. 2832, to relieve him from a judgment, as well as a defendant upon whom the summons was personally served. We think the true scope and meaning of the two sections is that under sec. 2832 any defendant may invoke the discretion of the court or judge to relieve him from a judgment at any time within one year after he has received notice thereof, without regard to the time the judgment was rendered; while under sec. 2833 a defendant belonging to the particular class therein mentioned, may, on proper application and showing, demand such relief as a right, if he do so within one year after no-

tice of the judgment and within three years after its rendition. The section evidently gives a remedy to defendants not served with process which it does not give to those who were so served, while the remedy given by sec. 2832 is common to all defendants, whether personally served or not.

Inasmuch as the appellants applied to be relieved from the judgment against them within one year after they first learned of its existence, we think their application is not barred by the fact that the judgment was perfected nearly four years before such application was made. In view of the circumstances disclosed in the record and motion papers, and particularly of the hardship and injustice of the judgment as against the appellants, we are constrained to think that the refusal of the court to grant the motion was not a proper exercise of its discretion.

The appellants are not harmed by the judgment except in the matter of costs. We therefore reverse the order, and remand the cause to the circuit court, with directions to open the judgment and allow the appellants to defend the action, unless the plaintiff release them from the judgment for costs. If this is done, an order denying the motion may be re-entered.

*By the Court.*— Ordered accordingly.