KINGSLEY, Respondent, vs. STEIGER, Appellant.

*October 28, 1909—February 1, 1910.*

*Judgment: Opening default: Statutes construed: Power of court: Limitation of time: Defendant not personally served: Discretion: Showing necessary: Appeal.*

1. Under sec. 2832, Stats. (1898), any defendant, whether he was personally served or not, may invoke the discretion of the court or judge to relieve him from a judgment at any time within one year after he has received notice thereof, without regard to the time when the judgment was rendered.
2. Under sec. 2833, Stats. (1898), a defendant belonging to the particular class therein mentioned may, upon proper showing, demand such relief as a right, within one year after notice of the judgment and within three years after its rendition.
3. *Gray v. Gates,* 37 Wis. 614, so far as it conflicts with the construction here given to secs. 2832, 2833, Stats. (1898), or with *Pier v. Millerd,* 63 Wis. 33, is overruled.
4. A party applying under sec. 2832, Stats. (1898), for relief against a judgment must show mistake, inadvertence, surprise, or excusable neglect. Mere lack of notice, together with a showing of a meritorious defense, is not sufficient.
5. Where, by reason of the want of a proper showing, it would have been an abuse of discretion to open a judgment under sec. 2832, Stats. (1898), the party applying for such relief was not prejudiced by an order denying his motion, and such order will be affirmed, although not made in the exercise of discretion but upon the ground that the court had no power to grant the application.

APPEAL from an order of the circuit court for Lincoln county: CHESTER A. FOWLER, Judge. *Affirmed.*

The appellant moved the court below, upon affidavits and verified answer, for an order opening the judgment previously rendered and allowing the appellant to defend the action. The affidavits set out in detail the obtaining of service by publication in the action commenced by plaintiff against the appellant, and want of notice upon the part of the appellant of such judgment or any proceedings resulting in such judgment until after the expiration of three years from the rendi-

tion thereof, and that judgment was rendered on the 11th day of April, 1905; that the appellant had no notice, knowledge, or information concerning the action until the 11th day of August, 1908. It is further stated in the affidavits that the newspaper in which the summons in the action was published was printed in the German language at the city of Merrill, Wisconsin, and is a paper of limited circulation, and that the plaintiff and his attorneys knew that the publication of said summons in said newspaper would be unlikely to give appellant notice. It is also averred that the action was not placed on the calendar of the court for the term at which it was tried, with design to keep knowledge thereof from the appellant, and that the judgment was not recorded in the office of the register of deeds until more than three years had elapsed from the date of the judgment. The verified answer sets up a good defense. The material allegations of appellant's affidavits are denied by the respondent. The only substantial ground for opening the judgment, as appears from the record on the motion, is want of notice to the appellant until after the expiration of three years from the rendition of the judgment sought to be opened. The court below denied the appellant's motion, on the ground that it had no jurisdiction to open the judgment and allow a party to defend where the judgment had been obtained upon service by publication, after the expiration of three years from the rendition thereof.

For the appellant there were briefs by *G. M. Sheldon,* attorney, and *Ryan & Runke,* of counsel, and oral argument by *Mr. Sheldon.*

For the respondent there was a brief by *Smart, Van Doren & Curtis,* and oral argument by *E. M. Smart.*

The following opinion was filed December 7, 1909:

KERWIN, J. The court below denied the application to open the judgment on the ground that it had no jurisdiction after the expiration of three years from rendition of judg-

ment, and based its opinion on sec. 2833, Stats. (1898), and *Gray v. Gates,* 37 Wis. 614.

1. The provisions of the statutes involved read as follows:

"Sec. 2832. The court or a judge may likewise, in discretion and upon such terms as may be just, at any time within one year after notice thereof, relieve a party from a judgment, order, stipulation or other proceeding against him, through his mistake, inadvertence, surprise or excusable neglect and may supply an omission in any proceedings; and whenever any proceeding taken by a party fails to conform, in any respect, to the provisions of law the court may, in like manner and upon like terms, permit an amendment of such proceeding so as to make it conformable thereto.

"Sec. 2833. When service of the summons shall have been made by publication, if the summons shall not have been personally served on a defendant nor received by such defendant through the postoffice, he or his representative shall, on application and good cause shown, at any time before final judgment, be allowed to defend the action; and, except in an action for divorce or annulment of the marriage contract, the defendant or his representative shall in like manner, upon good cause shown and such terms as shall be just, be allowed to defend after final judgment at any time within one year after actual notice thereof and within three years after its rendition. If the defense be successful and the judgment or any part thereof shall have been collected or otherwise enforced such restitution may thereupon be compelled as the court shall direct; but the title to property, sold under such judgment to a purchaser in good faith, shall not thereby be affected."

*Gray v. Gates,* 37 Wis. 614, holds flatly that sec. 2833 rules in all cases of service by publication as therein provided, and that the court had no power over the judgment after the close of the term, except that given by sec. 2833, and that the periods of one and three years specified in this section are limitations upon the power of the court. The court below rested its opinion on this case.

In *Pier v. Millerd,* 63 Wis. 33, 22 N. W. 759, without re-

ferring in any way to *Gray v. Gates, supra,* the supreme court ruled directly opposite, and held that sec. 2832 applies to all cases, whether service is by publication or personal, and that sec. 2833 refers to matter of right, and that discretionary power over judgments more than three years old, upon a proper showing, may be exercised by courts under sec. 2832 to relieve from judgments founded on service by publication as well as from judgments based on personal service. But in the last-named case the judgment was on personal service, so that the point, though flatly decided, was not necessary to the decision of the case. So we now have two decisions in apparent conflict upon the construction of the statutes heretofore referred to. While no attempt is made in the latter case to reconcile it with the former, it is argued by counsel for appellant that a change in the statute (sec. 2833) subsequent to *Gray v. Gates, supra,* and prior to *Pier v. Millerd, supra,* so as to make its terms mandatory instead of discretionary, reconciles the decisions. There is considerable force in this contention, because by the terms of sec. 2833, since the amendment, a defendant of the class to which the section refers "shall," on application and good cause shown, be allowed to defend at any time within one year after actual notice and within three years after rendition of the judgment; while, under sec. 2832 relief rests in the sound discretion of the court. In *Pier v. Millerd,* 63 Wis. 33, at page 37, 22 N. W. 761, the court said:

"No good reason is perceived why a defendant not personally served with the summons may not invoke the discretion of the court or judge, conferred by sec. 2832, to relieve him from a judgment, as well as a defendant upon whom the summons was personally served. We think the true scope and meaning of the two sections is that under sec. 2832 any defendant may invoke the discretion of the court or judge to relieve him from a judgment at any time within one year after he has received notice thereof, without regard to the time the judgment was rendered; while under sec. 2833 a de-

fendant belonging to the particular class therein mentioned may, on proper application and showing, demand such relief as a right, if he do so within one year after notice of the judgment and within three years after its rendition. The section evidently gives a remedy to defendants not served with process which it does not give to those who were so served, while the remedy given by sec. 2832 is common to all defendants, whether personally served or not."

We think this is the proper construction of the statutes, and see no reason for departing from it, and in so far as *Gray v. Gates,* 37 Wis. 614, conflicts with this opinion or with *Pier v. Millerd, supra,* it must be regarded as overruled. It is possible, as before observed, that the change in the statute may operate to reconcile the decisions, since before *Gray v. Gates* was decided the statute (sec. 2833) was not in terms mandatory, while it was by the change when *Pier v. Millerd* was decided. It follows, therefore, that the court below had jurisdiction under sec. 2832, Stats. (1898), upon a proper showing, to open the default and permit the appellant to defend.

2. The next question is whether the appellant was prejudiced by the order of the court in denying the motion. It is insisted by counsel for appellant under this head that the court below in the exercise of its discretion should have granted the motion. The court below not having exercised its discretion on the question of allowing the defendant to answer, we must be able to say that the appellant is not prejudiced by the order, or it should be reversed and the case sent back to allow the court below to pass upon the question. This requires an examination of the record and questions of fact and law arising thereon. After the expiration of three years from the rendition of the judgment in question it was incumbent upon the defendant, under the provisions of sec. 2832, Stats. (1898), in order to arouse the jurisdiction of the court to open the default, to show "mistake, inadvertence, surprise or excusable neglect," and upon such showing the court "may" relieve the party from the judgment complained of.

Sec. 2833, as we have seen, gives the party against whom judgment is entered by default on service by publication three years within which to move for relief as matter of right, but after the expiration of this time such party stands upon the same ground as if there had been personal service, and must make a showing under sec. 2832. The question, therefore, arises whether such a showing was made in this case as would warrant the court in relieving from the judgment. The appellant cannot rest her right to relief, in whole or in part, upon the fact that she was not personally served and had in fact no notice. That ground is foreclosed by the three-year limitation provided in sec. 2833, and the appellant here stands solely upon sec. 2832, and must show mistake, inadvertence, surprise, or excusable neglect. Has she done so? The only substantial showing made upon the motion, as we have seen from the statement of facts, is based upon the want of personal service or notice to appellant of the proceedings resulting in the judgment. These facts are not available to open the judgment after three years, but the appellant must make a case independent thereof showing mistake, inadvertence, surprise, or excusable neglect, and there is no attempt to do so in the record before us. If a defendant against whom judgment was rendered on service by publication could come in at any time and open the judgment merely because of want of notice of the judgment, there would be little stability in a judgment obtained by substituted service. And so we think the very object of the statute (sec. 2833) was to foreclose the right after three years on account of the mere fact of want of notice, but at the same time leave sec. 2832 applicable to all parties when a proper case is made. Obviously the appellant proceeded upon the theory that the lack of notice, together with a showing of a meritorious defense, was sufficient. But this is a mistaken idea. Sec. 2833 provides a limitation upon that ground, at the expiration of which time the party against whom judgment is rendered in the manner therein provided is barred from opening it on the

ground of want of notice alone. No facts were stated bringing the appellant within the provisions of sec. 2832. Therefore it would have been an abuse of discretion on the part of the court below to have opened the judgment. While the court below denied relief upon another ground, its order was right and must be affirmed.

*By the Court.*—The order below is affirmed.

BARNES, J., took no part.

Upon a motion for a rehearing appellant contended, *inter alia,* that there had been a sufficient showing of *surprise,* under sec. 2832, Stats. (1898).

The motion was denied February 1, 1910.