## KNOTTS ET AL. *v.* TUXBURY ET AL.

[No. 9,439. Filed October 12, 1917. Rehearing denied January 11, 1918. Transfer denied January 24, 1919.]

1. JUDGMENT.—*Vacating.*—*Notice by Publication.*—*Statutes.*—Under §627 Burns 1914, §600 R. S. 1881, providing that, except in cases of divorce, parties against whom a judgment has been rendered on notice by publication may, at any time within five years, have the judgment opened and be permitted to defend, and §628 Burns 1914, §601 R. S. 1881, providing that, before any judgment shall be opened, such parties shall file an affidavit stating that during the pendency of the action they had received no actual notice thereof in time to appear in court and object to the judgment, one not served with notice otherwise than by publication, and who had no actual notice of the pendency of the action in time to appear and object to the judgment is entitled to have it opened as against the judgment plaintiffs and others not *bona fide* purchasers for value who are protected by §629 Burns 1914, §602 R. S. 1881. p. 252.

2. JUDGMENT.—*Vacation.*—*Notice by Publication.*—*Statutes.*—Sections 627, 628 Burns 1914, §§600, 601 R. S. 1881, providing for vacation of a judgment rendered on notice by publication, where the party against whom it was rendered did not have actual notice in time to appear and defend, are remedial and should be liberally construed to the end that party litigants may have an opportunity actually to be heard, it being the policy of the law to dispose of causes on their merits. p. 253.

3. APPEAL.—*Review.*—*Default Judgment.*—*Setting Aside.*—*Decision on Merits.*—Appellate courts are very reluctant to disturb the trial court's action in setting aside a default and permitting a trial on the merits. p. 253.

4. JUDGMENT.—*Default.*—*Vacation.* — *Verified Application.* — *Sufficiency.*—Under §§627, 628 Burns 1914, §§600, 601 R. S. 1881, providing that a party against whom judgment has been rendered, on notice by publication, may at any time within five years have it opened, and be permitted to defend, but requiring that he shall first file an affidavit stating that, during the pendency of the action, he received no actual notice thereof in time to appear in court and object to the judgment, a verified application made by one of a number of defendants served only by publication that he had the authority to, and made the same in behalf of himself and each codefendant, that he knew the facts in relation

to each codefendant, that during the pendency of the action neither he nor any defendant received any actual knowledge of the action in time to appear in court and object to the judgment, and that neither he nor any other defendant had any knowledge, direct or indirect, of the pendency of the suit, or of any action taken therein until long after the judgment was rendered, was sufficient to warrant the court in vacating the judgment as to all defendants where such application was in no way challenged, though ordinarily, as regards the knowledge of affiant's codefendants, it would be regarded as hearsay. p. 253.

5. QUIETING TITLE.—*Parties.*—*Joinder.* — *Application.* — *Statute.*— Under §273 Burns 1914, §272 R. S. 1881, providing that when a complete determination of the controversy cannot be had without the presence of other parties, the court must cause them to be joined as proper parties, and that when, in an action for the recovery of real property, a person not a party, but having an interest in the subject of the action, makes application to the court to be made a party, it may order him to be made a party by the proper amendment, where, on the trial of an action to quiet title, it appeared that defendant had conveyed to a railroad company, it was proper for the court to grant such company's application to become a party. p. 256.

6. TAXATION.—*Tax Deeds.*—*Prima Facie Evidence.*—*Title.*—*Regularity of Proceedings.*—*Statute.*—A tax deed in the form prescribed by the statute (§10380 Burns 1914, Acts 1891 p. 199) is *prima facie* evidence of the regularity of the sale and all prior proceedings, and also of a valid title in fee simple in the grantee. p. 256.

7. TAXATION.—*Tax Deeds.*—*Presumption as to Title.*—*Rebuttal.*— In an action to quiet title, where plaintiff introduced in evidence a tax deed in the form prescribed by §10380 Burns 1914, Acts 1891 p. 199, under which he claimed title, it was incumbent on defendants to rebut the presumption of title raised by such deed. p. 257.

8. TAXATION.—*Tax Title.*—*Validity.*—*Defective Description.*—Under §10387 Burns 1914, Acts 1891 p. 199, providing that no sale or conveyance of land shall be valid if the description is so imperfect as to fail to describe the land with reasonable certainty, a tax deed describing the land conveyed as two acres in the form of a square in the northwest corner of the north 30.60 acres, except six acres in the form of a square in the northwest corner thereof, of the northeast quarter, etc., is, without the aid of extrinsic evidence to show which corner was the northwest corner after the removal of the six-acre tract, too indefinite to pass title, notwithstanding §10360 Burns 1914, Acts

1891 p. 199, providing that, when less than the whole of any tract of land shall be sold, the quantity sold shall be in a square form as nearly as practicable at the most northwesterly corner of the tract, since a section in the form of a square having been carved from the northwest corner of the parcel, it cannot be determined without evidence what then was the northwest corner. p. 258.

9. TAXATION.—*Tax Title.—Validity.—Failure to Comply with Statutes.—Deeds.*—The failure of the the county auditor to comply with any material provision of §§10354, 10355 Burns 1914, Acts 1891 p. 199, requiring the making and recording of a delinquent list at the end of each year and the posting of a copy of such list on the door of the courthouse and in a public and conspicuous place in each township, etc., is sufficient to overcome the *prima facie* title made out by a tax deed. p. 259.

10. TAXATION.—*Tax Title. — Validity. — Evidence. — Documentary Evidence.—Admissibility.—Statutes.*—Under §478 Burns 1914, §462 R. S. 1881, providing that exemplifications or copies of records and records of deeds shall be proved by the attestation of the keepers of such records that the same are true and complete copies of the records, etc., certified copies of the certificates contemplated by §§10354, 10355 Burns 1914, Acts 1891 p. 199, providing that at the end of each year the auditor shall make out and record in a designated book a delinquent list, and sign on the record that the list is correct, and that at least three weeks before a sale shall post a copy of the list on the door of the courthouse, etc., which do not purport to be copies of the record, or to be true and complete copies, are inadmissible to show the invalidity of a tax deed, regardless of whether they are considered as copies of records, or of files in the auditor's office. p. 260.

From Lake Superior Court; *Virgil S. Reiter,* Judge.

Action by Armanis F. Knotts and another against Cora Tuxbury and others. From a judgment for defendants, the plaintiffs appeal. *Reversed.*

*John O. Bowers, David C. Atkinson* and *A. F. Knotts,* for appellants.

*J. A. Gavit* and *R. C. Martin,* for appellees.

CALDWELL, J.—Appellant Knotts brought this action against appellee Cora Tuxbury and others to quiet title to certain lands in Lake county. The complaint on which the cause was tried was filed on March 22, 1906. Although not disclosed by the complaint, Knotts' title rests on certain tax sales and tax deeds. The lands are described in the complaint substantially as follows:

> Six acres in the form of a square in and out of the northwest corner of the northeast quarter of the northeast quarter of fractional section 2, township 36 north, range 8 west of the second principal meridian; also, two acres in the form of a square in the northwest corner of that part of the northeast quarter of the northeast quarter of said section, which remains after deducting the six-acre tract.

The defendants to the complaint were nonresidents. Publication and proof thereof having been duly made, judgment was rendered as prayed in favor of Knotts, on June 4, 1906, against all the defendants, on default, quieting title as prayed. On April 12, 1907, a verified application was filed in behalf of all the defendants under the provisions of §§627, 628 Burns 1914, §§600, 601 R. S. 1881, seeking to open the judgment, and that defendants be permitted to defend. An answer to the complaint accompanied the application. The application was signed and verified only by defendant and appellant Warren M. Whiting. Notice having been duly given, appellant Knotts appeared and filed his unverified objections to the opening of the judgment in favor of any defendant other than Warren M. Whiting, such objections being based

on the fact that the application was signed and veri-
fied only by him. A hearing having been had, the
court on June 27, 1907, vacated the judgment and
ordered that all the defendants be permitted to make
defense.

The first question presented on this appeal is
whether by such action the court erred. In such pro-
ceeding no affidavits were filed in behalf of defendants
other than such verified application. While such fact
does not plainly appear from the record, we shall
consider this question on the assumption that the
only evidence before the court was such verified appli-
cation.

Section 627, *supra,* provides that, except in cases
of divorce, parties against whom a judgment has been
rendered on notice by publication may, at any time
within five years, have the judgment opened and be
permitted to defend. Section 628, *supra,* provides in
part: "Before any judgment shall be opened, such
party * * * shall * * * file an affidavit stat-
ing that, during the pendency of the action, he re-
ceived no actual notice thereof in time to appear in
court and object to the judgment * * *."

Where a party has not been served with notice
otherwise than by publication, and he did not in fact
have actual notice of the pendency of the ac-
1.    tion in time to appear and object to the judg-
ment, he is entitled to have it opened as against
the judgment plaintiffs and others who are not *bona
fide* purchasers for value, on complying with said
statutes. 15 R. C. L. 721; 15 Ency. Pl. and Pr. 284;
*Perez* v. *Fernandez* (1911), 220 U. S. 224, 31 Sup. Ct.
412, 55 L. Ed. 443; *Kingsley* v. *Steiger* (1910), 141
Wis. 447, 123 N. W. 635, 31 L. R. A. (N. S.) 1068;
§629 Burns 1914, §602 R. S. 1881.

It is the policy of the law to dispose of causes on their merits, and to vouchsafe to party litigants an opportunity actually to be heard. As such sections as 627 and 628, *supra*, are in harmony with such policy, they are remedial in nature, and should therefore be liberally construed to effectuate their evident purpose. *Masten* v. *Indiana Car, etc., Co.* (1900), 25 Ind. App. 175, 57 N. E. 148; *Dunlap* v. *Denison* (1911), 83 Kan. 757, 112 Pac. 598, 31 L. R. A. (N. S.) 1071.

Appellate courts are very reluctant to disturb the trial court's action in setting aside a default and permitting a trial on the merits. *Neat* v. *Topp* (1912), 49 Ind. App. 512, 97 N. E. 578. With these principles in mind, we proceed to a consideration of the question before us. The Whiting affidavit was in part to the effect that he had authority to and did make and file it in behalf of himself and each codefendant; that he knew the facts in their relation to each defendant; that during the pendency of the action neither he nor any defendant received any actual knowledge of the action or its pendency in time to appear in court and object to the judgment; that neither he nor any other defendant had any knowledge whatever, direct or indirect, of the pendency of the suit, or of any action taken therein, until long after the judgment was rendered. There is no contention that the affidavit, either in form or substance, fails to conform to the statute. The argument is that the affidavit could be effective only as to Warren M. Whiting; that in its relation to any other defendant it was of necessity hearsay, and not entitled to consideration; that, in order that the judgment might be vacated as to any

other defendant, it was essential that he make and file his own personal affidavit. It will be observed that §628, *supra,* does not in terms require that each defendant, or that a defendant, make and file his own personal affidavit in order that he may be entitled to the relief afforded. The statutory provision is that he shall file an affidavit, stating, etc. We can very readily understand that as a rule the knowledge of any person other than the party to be affected respecting the notice of the latter within the contemplation of the statute will very likely be hearsay, but we cannot say as a matter of law that such will be the case under all circumstances. The affidavit here was to the effect that Whiting knew the facts, that he was authorized to speak, and that he did speak. The truth of the statements contained in the affidavit was challenged only by assumption. No steps were taken to sound the source of Whiting's knowledge. Under §628, *supra,* the ultimate question to be determined is whether the moving party did have actual notice, etc. Were it not for the statute, this question might be determined as other questions of fact are determined. Under the statute, it is essential, in order that the court may be authorized to vacate the judgment, that an affidavit be filed. We do not understand, however, that the filing of the affidavit forecloses either the court or the opposite party. The affidavit having been filed, the court or the opposite party may bring to bear on the ultimate question of actual notice any other legitimate evidence, as counter affidavits or oral testimony. 15 R. C. L. 702, 729. See, also, *Grayson* v. *Patterson* (1885), 7 Ind. 238; *Masten* v. *Indiana Car, etc., Co., supra.*

The court entertained the affidavit. Its positive statements were not weakened by any inquiry as to affiant's source of knowledge. The court's action, therefore, was supported by evidence which on its face conformed to the statute. We, therefore, cannot say that the court erred in vacating the judgment as to all the defendants.

Defendants, having filed their answer, filed also a cross-complaint, naming as defendants thereto appellants Knotts and David C. Atkinson. By such cross-complaint, defendants Cora Tuxbury et al. sought to quiet title in them to the northeast quarter of the northeast quarter of section 2, township 36 north, range 8 west, including the lands described in the complaint. Issue having been joined, a trial resulted in a judgment in favor of defendants Cora Tuxbury et al., quieting their title as prayed. An appeal to this court resulted in a reversal on confession of error. The cause having been remanded and a new trial ordered, was retried in October, 1913. At the close of the evidence, appellee Lake Shore and Michigan Southern Railway Company on its own application was admitted as a defendant, and permitted to file answers and also a cross-complaint on which issues were joined. By the latter, it sought to quiet title in it to the lands described in the cross-complaint of Cora Tuxbury et al. No additional evidence having been heard or offered, the court February 24, 1915, found in favor of the railway company on its cross-complaint that it was the owner of the lands therein described, including the lands described in the complaint, and that it was entitled to have its title thereto quieted, subject to a tax lien in favor of appellant Knotts against the lands described in his complaint,

in the sum of $464.19. Judgment and decree followed the finding. Knotts and Atkinson appealed to the Supreme Court, naming as appellees the railway company and the defendants to the complaint. The Supreme Court has transferred the cause to this court for want of jurisdiction in the former.

The court did not err in admitting the railway company as a defendant. The facts are as follows: The last item of evidence introduced at the trial 5. was a certified copy of a deed executed by appellee Arthur B. Blanchard to the railway company on June 13, 1911, purporting to release and quitclaim the lands described in the respective cross-complaints, and therefore including the lands described in the complaint. Appellants introduced the deed. It created in the railway company such an appearance of title, at least, that it became the duty of the court on application, to admit it as a defendant in order that the entire controversy might be determined. The court would have been justified in causing the railway company to be joined as a defendant, even in the absence of an application. §273 Burns 1914, §272 R. S. 1881; 1 Works' Practice §169; *Scobey* v. *Finton* (1872), 39 Ind. 275.

The sufficiency of the evidence is challenged, and also the admissibility of certain documentary evidence offered and introduced by appellees in 6. defense, over the objection of appellants. We shall consider these questions together. Appellant Knotts, to sustain his title declared on in the complaint, introduced in evidence, among other items, certified copies of two tax deeds, the first executed to Walter F. Allman on February 19, 1904, based on the tax sale held in February, 1902, and purporting

to convey the six-acre tract described in the complaint. The second executed to Knotts on February 12, 1906, based on the tax sale held in February, 1904, and purporting to convey the two-acre tract described in the complaint. These deeds disclosed that said respective tracts of land were sold at said respective sales to recover taxes returned delinquent in the name of A. B. Blanchard as owner, including current taxes, penalties, etc. The deeds had been properly executed and recorded, and were in form and substance as required by §10380 Burns 1914, Acts 1891 p. 199, §206. Knotts introduced also a certified copy of the record of a quitclaim deed executed to him by Allman and wife, purporting to release and quitclaim to him the six-acre tract described in the complaint. The sufficiency of the land description contained in the tax deed executed in 1906 is challenged. For the present assuming the description sufficient, as said tax deeds conform to the statute, each is *prima facie* evidence of the regularity of the sale and all prior proceedings, and also *prima facie* evidence of a valid title in fee simple in the grantee. §10380 Burns 1914, *supra;* §6480 R. S. 1881, Acts 1913 p. 353; *Doren* v. *Lupton* (1900), 154 Ind. 396, 56 N. E. 849; *May* v. *Dobbins* (1905), 166 Ind. 331, 77 N. E. 353. As the deed executed by Allman to Knotts is not questioned,

7. the latter therefore by introducing documentary evidence as indicated established *prima facie* a fee-simple title to the lands described in the complaint. It thus became appellees' right and, also, in order that they might defeat the action to quiet title, it was incumbent on them to introduce evidence destructive of the *prima facie* title thus established. *Bivens* v. *Henderson* (1908), 42 Ind. App. 562, 86

N. E. 426; *Knotts* v. *Zeigler* (1915), 58 Ind. App. 503, 106 N. E. 393.

With reference to the sufficiency of the land description contained in the tax deed executed in 1906, such description is in part as follows:

8. "Two (2) acres in the form of a square in the northwest corner of the north thirty and sixty-hundredths (30.60) acres, except six (6) acres in the form of a square in the northwest corner thereof, of the northeast quarter of the northeast quarter," etc.

Section 10360 Burns 1914, Acts 1891 p. 199, §186, provides in part that when less than the whole of any tract of land shall be sold, the quantity sold shall be in a square form as nearly as practicable at the most northwesterly corner of the tract, and §10387 Burns 1914, Acts 1891 p. 199, §213, provides in part that no sale or conveyance of land for taxes shall be valid if the description is so imperfect as to fail to describe the land or lot with reasonable certainty. It is held that in certain cases of defective description in tax deeds, where the quantity sold is specified, the law cures the defect by locating the land sold in the form of a square in the northwest corner of the tract returned delinquent. *Major* v. *Brush* (1855), 7 Ind. 232.

The description here deals with the north thirty acres of a quarter of a quarter section from the northwest corner of which a tract containing six acres in the form of a square had been carved. The two-acre tract in the form of a square is located in the northwest corner of the residue of the thirty-acre tract. We are unable to determine as matter of law which corner of the residue is the northwest corner; whether it is at the northeast corner or the southwest corner

of the six-acre tract. The law does not determine that question. It follows that *prima facie* title cannot be predicated upon a tax deed thus uncertain in its land description unaided by extrinsic evidence. There was extrinsic evidence in substance that where as here the north line of the residue is longer than its west line, a well-recognized rule of surveying is applicable, which rule is to the effect that the corner at the northeast corner of the carved-out tract, or the six-acre tract, is the northwest corner of the residue. Such rule of surveying, if established as such, should be held to be sufficient to clear up the uncertainty in the description here.

Returning to the subject of the *prima facie* case made by appellant Knotts, appellees over objection introduced certain documentary evidence for the purpose of rebutting the presumption of title arising from such *prima facie* case. It is urged that the court erred in admitting such evidence. In determining the question thus presented, certain statutory provisions must not be overlooked. Thus §10354 Burns 1914, Acts 1891 p. 199, §183, is to the effect that, at the end of each year, the county auditor shall make out and record in a designated book a delinquent list, and shall make out and sign on the record a certificate that the list is correct, and when it was recorded. §10355 Burns 1914, Acts 1891 p. 199, §184, is in substance that at least three weeks before the day of sale the auditor shall post a copy of the list on the door of the courthouse, and also in a public and conspicuous place in each township, and cause the list to be published in one weekly newspaper of the county for three consecutive weeks before the sale; that he shall attach to the list as posted and

published a notice of sale; that on or before the day of sale he shall insert at the foot of the list on the record so prepared by him a copy of the notice of sale, and certify on the record immediately following the copy of the notice so inserted the manner in which and place where the notices have been posted, and for what length of time published and posted. When it is made to appear that any material provision of these statutes was not complied with, the *prima facie* case arising from the deed is overcome. *Millikan* v. *Patterson* (1883), 91 Ind. 515; *Mattox* v. *Stevens* (1895), 140 Ind. 282, 39 N. E. 460; *Dixon* v. *Thompson* (1913), 52 Ind. App. 560, 98 N. E. 738; *Richcreek* v. *Russell* (1904), 34 Ind. App. 217, 72 N. E. 617; *Green* v. *McGrew* (1905), 35 Ind. App. 104, 72 N. E. 1049, 73 N. E. 832, 111 Am. St. 149; *Sullenger* v. *Baecher* (1914), 55 Ind. App. 365, 101 N. E. 517, 102 N. E. 380; *Doe* v. *Sweetser* (1851), 2 Ind. 648.

The documentary evidence introduced by appellees was as follows: Appellees' exhibit 3, which consists of what purports to be certified copies of certain certificates pertaining to the tax sale held in February, 1902, as follows: First, such a certificate as is contemplated by §10354, *supra,* with notice of sale attached as provided by §10355, *supra.* Second, a certificate that notices of sale were posted and publication made as required by the latter section. The first certificate and the notice attached in form and substance are as required by the statute. The certificate on the subject of posting and publishing notice fails to disclose where or for what length of time the notices were posted. It therefore does not conform to the statute. These various instruments embodied in exhibit 3 purport to be signed by M. Grimmer,

auditor, etc. Each of them contains a reference to
"the foregoing list of lands and lots returned delin-
quent," but no list accompanies or is attached to the
exhibit. It consists only of certificates. At the close
of the exhibit is a certificate of Charles A. Johnson,
auditor of Lake county, Indiana, that "the foregoing
is a true and complete copy of the auditor's certificate
of the lands and lots offered for sale at the tax sale
of 1902." It does not appear from the last-named
certificate, or otherwise, whether these particular cer-
tificates, or any certificates pertaining to the tax sale
of 1902, were made a matter of record as required by
the statute, or, if a record was made as required,
whether these certificates were true and complete
copies of the record.

Appellee's exhibit 4 in form and substance is prac-
tically identical to, and in legal effect the same as,
exhibit 3, except that the former pertains to the tax
sale held in February, 1904.

Subsequently appellees introduced, over objection,
their exhibit 8, which also purports to be a copy of
certain proceedings preliminary to the tax sales of
1902 and 1904. It consists first of a caption, reciting
that there follows a list of lands and lots returned de-
linquent for the nonpayment of the taxes for 1900,
etc. Then follows not a complete list, but an item dis-
closing that the 30.60-acre tract assessed in the name
of A. B. Blanchard (and out of which the six-acre
tract was sold in 1902 and the two-acre tract in 1904)
was so returned delinquent. It may be said at this
point that no reason occurs to us why more of the list
than is involved in this action should have been intro-
duced. Attached to the list is a certificate conform-
ing to §10354, *supra,* and a notice of sale provided for

by §10355, *supra.* This certificate and notice is identical to the corresponding items set out in exhibit 3. There follow a like caption, item of list, certificate and notice as above outlined, but pertaining to the sale held in 1904 rather than in 1902. These various items purport to be signed by Michael Grimmer, auditor, etc. There is added the county auditor's certificate by deputy, that the matter attached "is a true and correct copy of the caption and notice of the tax sales for the years 1902 and 1904 respectively, as the same were published and posted for the sales of the said years of 1902 and 1904."

Such state of the evidence has given us concern. It will be observed, first, that there is at least room for controversy whether the certificate last named purports to authenticate anything more than the caption and notice. Section 10355, *supra,* seems to distinguish between the notice proper and the list and certificate to which it is required to be attached by §10354, *supra.* Moreover, these statutes plainly require that a record be made, in a book to be provided for that purpose, of the proceedings prior to the sale as we have indicated. If such a record was not made, it occurs to us that that fact would be material in determining whether a tax deed subsequently executed on the proceedings, conveyed title. The evidence here does not advise us whether such a record was made. If made, the record itself, or a properly certified copy, if in existence, would be the best evidence that it was made, and also of its contents, form and substance, and whether sufficient to render a tax deed valid to convey title. The various lists and certificates introduced in evidence here do not purport to be copies of the record. Section 478 Burns 1914, §462 R. S. 1881,

governs in the certification of such a record in order that a copy thereof may be received in evidence. The following bear on the question of the sufficiency of a certification: *Painter* v. *Hall* (1881), 75 Ind. 208; *Knotts* v. *Zeigler, supra; Keesling* v. *Truitt* (1868), 30 Ind. 306; *Tull* v. *David* (1866), 27 Ind. 377; *Vail* v. *Rinehart* (1886), 105 Ind. 6, 4 N. E. 218; *Sykes* v. *Beck* (1903), 12 N. D. 242, 96 N. W. 844.

If it should be said that the various instruments under consideration are admissible as such and as files of the auditors office, nevertheless the authentication here lacked an essential element. It is not disclosed by the certification that such instruments are true and complete copies of the records or of papers or files in the custody of the auditor. The instruments therefore were improperly admitted in evidence. *Painter* v. *Hall, supra.*

For the error in admitting such instruments a new trial should be granted. Some of these instruments, if authentic, appear on first view to be defective, but on that point we decide nothing. If defective, since they do not purport to be authentic copies of any records or papers in the custody of the auditor, they do not necessarily exclude the presumption arising from the tax deeds, that the auditor's office contains records contemplated by §§10354, 10355, *supra,* proper in form and substance pertaining to the tax sale of 1902 and 1904. It follows that if we could see our way clear to hold that there was no substantial error in admitting these exhibits, we should be required to hold also that the evidence is insufficient to sustain the decision of the court on the issues joined on the complaint.

The record contains some indications that the lands involved here were returned delinquent in the name of A. B. Blanchard. Appellee railway company claims under a conveyance from Arthur B. Blanchard. The evidence does not identify the former as the latter. While it is true that in conveyances identity of person may be presumed from identity of names, we doubt that Arthur B. Blanchard may be presumed to be the person designated as A. B. Blanchard. See 13 Cyc 729, 739. Other questions presented are not decided.

The judgment is reversed, and a new trial ordered.